(No. 22972.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROY JETT *et al.* Plaintiffs in Error.

*Opinion filed October 14, 1935.*

WALTER B. PRENDERGAST, and LOUIS ANCEL, (PAUL DILLON, of counsel,) for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Roy Jett and Steve McDermott were indicted, waived a jury and were tried in the criminal court of Cook county on the charge of robbery while armed. They have sued out this writ of error to review the judgment of conviction.

Shortly after midnight on December 28, 1933, the plaintiffs in error entered William Allen's tavern at 3438 North Clark street, in Chicago. Drinks and food were served in the front room of the tavern and the back room was the kitchen. Allen was absent, but his brother, Thomas Allen, the cook, was in the kitchen. McDermott went back to the kitchen. In his right hand he had a gun and in his left hand a handkerchief, which half covered his eyes. He told Thomas Allen to get into the dining room. At the same time Jett ordered the customers in the front room back to the kitchen. At this juncture officer Harry Nellis came in and heard voices at the rear of the tavern. He went to the kitchen. As he entered it McDermott shot at him. Nellis drew his gun and shot both defendants. Twenty-one dollars was missing from the cash register in the front room after Jett and McDermott were arrested and removed from the tavern. Thomas Allen did not see either of the two men take anything. They denied taking anything from the tavern. Jett insisted that they had been drinking for several hours and were drunk. He said that while in the tavern they got into an argument and a fight. McDermott did not remember being in the tavern.

Jett and McDermott contend no evidence was offered at the trial to prove that the money alleged to have been taken was in the custody or under the control of Thomas Allen or that it belonged to Thomas or William Allen. They also say that the evidence failed to show that any money was taken from the person of Thomas Allen or from the tavern. In the case before us Thomas Allen is the only member of William Allen's family who was pres-

ent in the tavern at the time of the robbery, and also he is the only person shown to have been employed there when the defendants entered. In *People* v. *Skally,* 342 Ill. 450, the daughter of the proprietors was the only member of the family in the store when the robbery was committed. We held that the allegation of ownership was sufficiently proved in that case, and that an allegation in an indictment for robbery that the property taken was in the care and custody of the person robbed, supported by proof, is sufficient to sustain a conviction for robbery though the person assaulted did not own the property. We reviewed decisions holding that the taking need not be from the body of the victim of the robbery in *O'Donnell* v. *People,* 224 Ill. 218, and held that there is nothing in our statute which shows that the term "from the person" was used in the restricted, popular sense of "from the body." We said that the watchman in that case, who was in immediate charge of the railroad station and its contents as against the plaintiff in error, was the owner and in possession of such contents. In that opinion cases were also reviewed holding that the thing taken might be in a different room from that in which the assault was committed. The proof here shows that these defendants entered this tavern; that one drew a gun and pointed it at Thomas Allen, who is the only person shown to have been employed in the tavern and the only member of the owner's family who was there present; that the other defendant ordered the customers out of the dining room into the kitchen, and that $21 was missing from the cash register when the robbery was interrupted by the officer.

Neither of the two contentions made is well taken, and for the reasons stated the judgment of the criminal court is affirmed.                   *Judgment affirmed.*