(No. 26442.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RICHARD YAUNCE, Plaintiff in Error.

*Opinion filed November 24, 1941.*

WILL M. ALBERT, guardian *ad litem,* for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and ROBERT G. BURNSIDE, State's Attorney, (J. RICHARD ROYAL, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Richard Yaunce, hereinafter referred to as defendant, was indicted with one Eugene Porter in the circuit court of Fayette county on a charge of assault with intent to rob.

Porter was not apprehended and defendant was tried, convicted and sentenced to imprisonment for a period of one to fourteen years. He brings the cause here contending that the evidence was insufficient to justify the conviction and that the indictment was invalid.

The evidence shows without dispute that defendant, a young man nineteen years of age, was, on the evening of June 1, 1941, in the city of Vandalia in the company of Porter, who was about twenty-five years of age, and a girl named Marie Sinhiewicz, described as being approximately eighteen years of age. The trio were en route from Chicago to the defendant's home in Texas. They engaged a taxicab from the complaining witness, William Carr, to take them to a farm known as the Grover Bennett farm, some distance out of Vandalia, where Porter's wife was staying.

The People's evidence, as given by the complaining witness Carr, further is that when the trio started out to Bennett's, Porter sat in the front seat with him, while defendant and the girl sat in the back seat; that Porter told him they wanted to go to Bennett's farm; that Porter and the witness engaged in conversation on the way out to the farm; that when they got there Porter got out and went to the house and talked to somebody. It is not clear from his testimony whether defendant and the girl also left the cab. He testified that on the return trip Porter sat in the front seat with him and the others sat in the back seat, as on the way out, except that the defendant sat directly behind the witness on the return trip. Carr testified that on the way back something struck him on the head. He did not know what it was but he stopped the car as quickly as he could and grabbed Porter. Porter opened the door and got out. The witness testified he reached for a hammer as he was getting out and defendant and the girl got out and ran up the road; that he made no attempt to apprehend them but came back to town and reported the matter

to the police. He testified that he had no argument with Porter and that he had talked with him both going out and returning.

He testified that the blow on the head was a hard blow above the right temple and cut his cheek bone, and that nothing was said by Yaunce or the others when they got out of the car. He testified that his automobile was a red cab with a sign on each of the front doors and on the back part of the trunk and that he had a neon light on the top of it. He testified that he was not frightened and had no fear that anyone was going to take the car. He stated that no one demanded it or told him to give it up, and he was not told to "stick them up."

This, with proof of other witnesses that the trio were seen in Vandalia on the evening of this occurrence, which fact was also stipulated, constitutes the People's case.

The defendant testified to their engaging the cab and going out into the country to the Bennett farm; that he, with the girl, was sitting in the back seat and Porter was in the front seat; that on the way back there was a "scrap" in the cab; that he was talking with the girl when Porter hit the cab driver; that he became frightened and he and the girl got out of the car and ran up the road. He testified that he did not hit Carr; that he had no intention of robbing anyone of the taxicab and had never thought of such a thing. He stated that he ran because he was scared when Porter hit the cab driver.

On cross-examination he was asked if he had made a statement before a justice of the peace on preliminary hearing, in which he had said that he did not know Porter and that he and the girl were not in the cab at the time of the attack. He stated that he had made such a statement because he was a friend of Porter and was afraid he might be apprehended, but that he made up his mind after talking with some parties in the county jail that he should tell the facts as they existed. This is the entire evidence in the case.

It will be seen that the case against defendant rests entirely on the testimony of the complaining witness Carr. The indictment charges an attempted robbery for the purpose of stealing and taking the taxicab. Carr testified he did not know who struck him and did not know what it was that hit him. The People presented no evidence to show that words were spoken either by defendant or his companions indicating that the alleged assault was made with the intention of taking the taxicab. On the contrary, Carr testified nothing was said. It can scarcely be inferred from this record that there was an assault with intent to rob. While Carr testified that he did not know who hit him, he also testified that he seized Porter when he was struck. Thus his evidence indicated that at least he thought at the time Porter had struck him. No one demanded the taxicab from him and he testified he was not put in fear of bodily harm. The record is utterly barren of evidence tending to indicate that the defendant struck him or that anyone did or said anything to show an intention to rob or steal. Whatever the reason for the assault, there is no evidence from which it can be said that the record shows, beyond a reasonable doubt, an attempted robbery.

The only implication of defendant's guilt is that since he was sitting back of the driver he could have struck him, but this, alone, is far from adequate proof of his guilt. While he admitted that he had made a statement before the justice of the peace differing from his statement on the witness stand, it can scarcely be said, in view of the inadequacy of the People's evidence, that these contradictions on the part of the defendant constitute ground for convicting him.

It is argued that the assault constitutes circumstantial evidence of an intent to rob. The rule with reference to sufficiency of circumstantial evidence is that it must be of a conclusive nature and tendency leading on a whole to a

satisfactory conclusion and produce reasonable and moral certainty that the accused and no one else committed the crime. The guilt of the accused must be so thoroughly established as to exclude every other reasonable hypothesis. (*People* v. *Burgard,* 377 Ill. 322; *People* v. *Sorrells,* 293 id. 591.) While the jurors are judges of the weight of the evidence and the credibility of witnesses, their verdict of guilt must be based on evidence sufficient to establish such guilt beyond a reasonable doubt. *People* v. *Burgard, supra; People* v. *Jones,* 313 Ill. 335; *People* v. *Kratz,* 311 id. 118; *People* v. *Aiello,* 302 id. 518.

It seems clear to us that this conviction cannot stand on the evidence presented by the People. Nor does it appear that we are justified in remanding this cause for a further trial. It is evident that the complaining witness and the three passengers were the only ones having any knowledge of what happened, and where it does not appear that there are witnesses who are or may be available other than those who have already testified, the cause will not be remanded for a new trial. It appears that the girl who was with the defendant and Porter was apprehended with defendant. She was not indicted, was not held as a witness and did not testify. It cannot be presumed therefore that she would be of assistance to the People on a retrial. Porter has not been apprehended. The People's case is lacking sufficient evidence to permit the conviction to stand.

Other questions are raised by the defendant which it is unnecessary to consider. The judgment of the circuit court of Fayette county is reversed.

*Judgment reversed.*