(No. 30760.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN H. WIDMAYER, Plaintiff in Error.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

EPLER C. MILLS, of Virginia, and MILTON MCCLURE, of Beardstown, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, of Springfield, (C. G. COLBURN, State's Attorney, of Virginia, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The plaintiff in error, John Widmayer, and Edward Wiseman were indicted in Cass County for burglary and tried jointly before a jury. Wiseman was found not guilty and Widmayer was found guilty. By writ of error he seeks a reversal of the judgment upon several grounds. The assigned error charging the evidence against him does not remove all reasonable doubt as to his guilt warrants prior consideration.

The Hoppin drugstore in Virginia was burglarized sometime between the undisclosed hour of closing on Tuesday night, May 20, 1947, and about 7:30 the next morning. Entrance had been gained by forcing a window in the rear portion of the store. A pinch bar was found on the counter and according to the testimony was used in gaining entrance. Merchandise to the value of about $500 was taken; none was ever recovered or found in the possession of either defendant. No other clues were ever found. No one was seen and no noise was heard which could be associated with the breaking in.

Wiseman testified in his own behalf and denied any participation in or knowledge of the burglary. He fur-

nished an alibi by the testimony of many witnesses whom the jury evidently believed. Widmayer did not testify, and interposed an alibi which the jury did not accept. The two defendants were not together on the night in question insofar as the evidence shows, and their friendship was of a cursory nature.

All of the evidence is purely circumstantial, and Widmayer's alleged connection with the burglary is solely by reason of his being charged with the ownership of the pinch bar. Only one witness connected him with it. He was George Lang, the proprietor of a hardware store in Virginia, and particular attention will be given to that portion of his testimony on this point. Lang had received some weeks before the burglary a shipment of six pinch bars, had sold one and had five left when the sheriff called upon him on the morning of May 21 carrying the pinch bar found in the drug store. On direct examination he was asked if Widmayer and another party, the Wiseman boy, had purchased a pinch bar. Lang replied that he had sold one. He was then asked to examine the pinch bar in evidence and to state whether or not it appeared to him to be "the same kind." He replied that it looked like the others in the store. He was then asked, in reference to the time the drugstore had been burglarized, if he had made the sale to Widmayer and another boy a few days before. He answered in the affirmative. He was then asked if the boy who accompanied Widmayer, when the bar was purchased, looked like the defendant Wiseman. He answered that he could not say to that, for he could not say which Wiseman boy was with Widmayer because he was in a hurry and never gave it much thought.

On cross-examination by counsel for Wiseman, Lang testified he had not carried that particular type of pinch bar for several years prior to the receipt of the six. He admitted there was nothing unique about the pinch bar, such was readily procurable from other stores in the area,

and there are probably a number of similar pinch bars in Virginia which had been sold a period of years before the burglary. Lang also testified he really looked to see if the pinch bars bore any identification marks, and he did not know of any; and the pinch bar presented to him by the sheriff for identification as one sold by the witness could have been a pinch bar previously sold. On cross-examination by counsel for Widmayer, Lang testified in response to a question that he thought the pinch bar in question was sold by him subsequent to May 20. On re-direct examination by the State's Attorney, Lang said the pinch bar was sold after that date. The pinch bar found in the drug store was never identified as the pinch bar Lang said Widmayer purchased of him. The People did not produce any other evidence to link Widmayer with the burglary, and no proof he ever possessed the pinch bar found in the drugstore.

It is true the alibi offered by Widmayer did not place him in a situation all through the night of May 20-21 which would have rendered it impossible or highly improbable for him to have committed the burglary. The probative force of an inadequate alibi defense, in the sense it aids the People, depends upon the prior establishment by the evidence that, if it were not for the interposition of a good alibi defense, the competent evidentiary proof would establish beyond a reasonable doubt that the person charged committed the crime laid in the indictment. It is the rule with reference to the sufficiency of circumstantial evidence to convict, that it must be of a conclusive nature and tendency, leading on the whole to a satisfactory conclusion. It must produce a reasonable and moral certainty that the accused and no one else committed the crime. His guilt must be so thoroughly established as to exclude every other reasonable hypothesis. (*People* v. *Yaunce,* 378 Ill. 307; *People* v. *Crego,* 395 Ill. 451.) To warrant conviction of a crime on circumstantial evidence, the proof must be of

a conclusive nature and tendency, leading on the whole to a satisfactory conclusion and producing a reasonable and moral certainty that the accused and no one else committed the crime. *People* v. *Grizzel,* 382 Ill. 11.

The failure of the People to prove that the pinch bar found in the drugstore was a pinch bar belonging to or used by defendants, makes it necessary for us to hold that the People failed to prove Widmayer guilty as charged. It is necessary that the judgment of the circuit court of Cass County be reversed. · *Judgment reversed.*