(No. 31820.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MARVIN OHLE, Plaintiff in Error.

*Opinion filed January 18, 1951.*

Louis L. Bresler, of Chicago, (Charles D. Snewind, of counsel,) for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and Patrick J. Egan, all of Chicago, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

Marvin Ohle and Richard Passow were jointly indicted in the criminal court of Cook County. The indictment consisted of three counts. In the first count, defendants were charged with robbing Adam Platak of ten dollars in money and a wallet of the same value, while armed with a dangerous weapon, specifically, a jack handle. Count two charged plain robbery and the third count charged an assault upon Platak with intent to kill. Defendants pleaded not guilty and waived a trial by jury. At the close of all the evidence, there being no proof that the alleged assault was committed with an intent to kill, the third count was *nolle prossed.* The court, however, found both defendants guilty, as charged in counts one and two. Ohle, twenty years of age, was sentenced to imprisonment in the penitentiary for a term of not less than three nor more than ten years and, he, alone, prosecutes this writ of error.

The occurrence for which Ohle and Passow were indicted took place about five o'clock in the morning, August 23, 1949, in Chicago. After attending a motion picture show in the evening of the preceding day, his birthday, Platak, who was separated from his wife, visited a tavern with a friend. About one-thirty in the morning, he met Alice Mitchell, whom he knew, on the street and invited

her to drink with him. They stayed at one tavern until it closed and then went to another, where they arrived about two-thirty. At this time, according to Platak, he had a ten-dollar bill in his wallet and "a couple of singles" in his pocket. He and Miss Mitchell drank at the bar and, subsequently, Passow, who knew Miss Mitchell, and Ohle joined them. Although Passow and Ohle knew each other only slightly, they had visited numerous taverns together, starting at seven-thirty in the evening. After introductions were made, Platak announced it was his birthday and offered them a drink. Five or six rounds of drinks were consumed and, while it is disputed as to who paid for the drinks, Platak, by his own testimony, spent at least three or four dollars. About four o'clock he "passed out" at the bar. In the course of the evening, Miss Mitchell went home, alone, but Platak did not remember her leaving. He woke up or was aroused about four-thirty, when the tavern closed, and left a moment or two before defendants. A short distance from the tavern he stopped them and asked for a cigarette. They had none but suggested there might be some in Ohle's automobile which was parked nearby.

Platak testified that, after failing to find any cigarettes in the car, he declined defendants' offer to drive him home but they pushed him in the car and told him that they would take him home after finding a place to buy cigarettes. After driving a few miles in the form of a rough square, there were a series of jerks and Ohle, the driver, stopped the car. As related by Platak, all three left the car and, after he refused to look at the engine as instructed by Ohle, he walked to the rear of the car where he bumped into Passow who was looking for some tools in the trunk. He testified that Passow asked if he had any money and that, as he stood there showing Passow his wallet in the dark, Ohle struck him over the head and knocked him unconscious. After regaining consciousness sometime later, Platak started to walk to a hospital, but, being in a daze, walked

past the hospital and did not remember anything until he found himself climbing the stairs to his house.

It was at his home that Platak first discovered his wallet was missing. Platak did not testify that he saw anyone take his wallet and it was never found. The fact that his wallet was missing after a period of undisclosed duration of which he remembered virtually nothing is the only evidence that anything was taken from him. From his home, Platak was taken to a hospital where he was treated for lacerations of the head and remained until discharged two weeks later.

Two police officers testified as to statements made by Passow and Ohle following their respective arrests. The substance of their testimony is that Passow related he was "stupefied drunk;" that Ohle assaulted Platak; that he did not take anything from Platak and that, when he and Ohle later stopped for hamburgers and coffee about five-thirty in the morning, Ohle changed a ten-dollar bill and gave him five dollars. According to the arresting officer, Ohle, upon being taken into custody, admitted that he had assaulted Platak, but denied that he had robbed him. Ohle repeated the same admission and same denial to another police officer on the day following his arrest, adding that, while at the hamburger stand, Passow gave him a ten-dollar bill and instructed him to have it changed and to keep a quarter. The statements of each defendant, having been made out of the presence of the other, were, of course, inadmissible as to each other. *People* v. *Kozlowski*, 368 Ill. 124; *People* v. *Vehon*, 340 Ill. 511.

Passow and Ohle each appeared as a witness in his own behalf, Passow testifying that, during the ride, he sat in the back seat with Platak and dozed off; that he vaguely remembered stopping because of some motor trouble; that he did not see Platak struck, and that all he knew was that when he woke up shortly before they stopped at a hamburger place, Platak was not in the car. Ohle testified

much to the same effect, stating that "we were pretty well knocked out;" that he remembered stopping the car to look at the engine; that he did not strike Platak or know what had happened to him, but thought that he had rejoined Passow on the back seat, and that, after he had resumed driving, Passow told him Platak had not returned after they had stopped to look at the engine.

The principal question presented is whether the evidence is sufficient to prove that the crime of robbery was in fact committed. Robbery is the felonious and violent taking of money or property from the person of another by force and intimidation. (Ill. Rev. Stat. 1949, chap. 38, par. 501; *People* v. *Flaherty,* 396 Ill. 304.) While there is no question that force and intimidation were employed against Platak, Ohle asserts that, even assuming his participation in the assault, the proof is insufficient to show that money or a wallet were taken from Platak, as charged in the indictment. In short, Ohle contends that the prosecution failed to prove an essential element of the crime of robbery beyond a reasonable doubt and that, at the most, the evidence merely shows an assault unaccompanied by the taking of money or property.

There is no direct evidence that either Ohle or his co-defendant took anything from Platak. To sustain Ohle's conviction of armed robbery, the prosecution relies upon circumstantial evidence consisting almost exclusively of Platak's testimony that Ohle knocked him unconscious as he exhibited his wallet to Passow and that, sometime later, when he arrived home, he noticed he no longer had his wallet. While the taking of property from the person of another can be proved by circumstantial evidence, (*People* v. *Susanec,* 398 Ill. 507; *People* v. *Jett,* 361 Ill. 373,) in order to sustain a conviction based upon circumstantial evidence, the evidence adduced must be of a conclusive nature and produce a reasonable and moral certainty that the offense charged was actually committed and that the accused

and no one else perpetrated the crime. (*People* v. *Widmayer,* 402 Ill. 143; *People* v. *Crego,* 395 Ill. 451.) The evidence in the case at bar is so inconclusive as to preclude a reasonable or moral certainty that a robbery was committed. Not only were Platak, Ohle and Passow all grossly intoxicated at the time of the alleged robbery, but, in view of Platak's expenditures at the tavern, it is highly improbable that he still had ten dollars at the time of the assault. In addition, the strong possibility exists that Platak either lost his wallet or had it stolen by a stranger during the period between the assault, which rendered him unconscious, and his arrival at his home in a dazed condition. Under the circumstances, it cannot be said that the commission of the crime of robbery was proved beyond a reasonable doubt and, in the absence of satisfactory proof that a robbery was committed, the judgment of conviction against Ohle cannot stand.

Since no useful purpose can be served by remanding the cause for a new trial, the judgment of the criminal court of Cook County is reversed. *Judgment reversed.*