THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CAROL KING, Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL KING, Defendant-Appellant.

(Nos. 12553, 12665 cons.;

Fourth District—March 27, 1975.

Richard J. Wilson and Bruce Stratton, both of State Appellate Defender's Office, of Springfield, for appellants.

Richard J. Doyle, State's Attorney, of Danville (John W. Foltz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendants Michael King and Carol King were charged in separate indictments with armed robbery. They were tried and found guilty in a bench trial. The court sentenced Michael King to 4 to 12 years, and Carol King to 4 years to 4 years and 6 months. Defendants appeal.

On appeal, defendants urge that the State failed to prove beyond a. reasonable doubt that any property was taken during the alleged armed robbery.

At trial, a cab driver testified that he drove the defendants to the address as requested. He was subsequently forced from the cab at gun point by the defendants and taken to the back of the house. He told Michael King that the money was underneath the sun visor in the cab. Michael King then told Carol King to go and get the money. She came back a minute later and said, "There is almost $20 here." Michael asked the victim if that was all he had. He was told that there was some change on the front seat. Carol was again told to go get it. She then returned.

When asked if he actually saw this, the driver said, "No." Nor did the victim expressly state that any property was missing from his cab.

Defendants contend that from this evidence it was impermissible for the court to infer that property was taken during this incident. The defendants rely upon *People v. Mosby*, 25 Ill.2d 400, 185 N.E.2d 152. In *Mosby*, the wives of the victims named in the indictment testified at trial, but the victims themselves did not. Neither witness mentioned that her husband was the victim named in the indictment. In reversing the conviction, the supreme court held that the essential allegations of an indictment must be proved without variance. The court stated: "An essential element of proof to sustain a conviction cannot be inferred but must be established." (25 Ill.2d 400, 403.)

■■ The language cited from *Mosby* by the defendants does not bar the use of circumstantial evidence to prove the essential allegations of an indictment. In *People v. Kinzell*, 106 Ill.App.2d 349, 245 N.E.2d 319, the Second District Appellate Court stated:

> "We do not find that the case [*Mosby*] holds that essential allegations of indictments cannot be proved by circumstantial evidence. Rather it holds that the jury may not supply the essentials by making unreasonable inferences unsupported by the facts in the record." (106 Ill.App.2d 349, 358.)

■■ The standard to be used in order to determine whether a conviction based on circumstantial evidence should be sustained was stated in *People v. Ohle*, 408 Ill. 238, 96 N.E.2d 476. There the court stated that while the taking of property from a person of another can be proved by circumstantial evidence, in order to sustain a conviction based upon such evidence:

> "[T]he evidence adduced must be of a conclusive nature and produce a reasonable and moral certainty that the offense charged was actually committed and that the accused and no one else perpetrated the crime." (408 Ill. 238, 242-43.)

Similarly, the supreme court has stated that in order to convict upon circumstantial evidence, the facts proved must not only be consistent with the defendant's guilt, but must be inconsistent with any reasonable hypothesis of innocence. *People v. Murdock*, 48 Ill.2d 362, 270 N.E.2d 21.

■■ In the instant case, the evidence proves beyond a reasonable doubt that the defendants took property from the victim's cab. Michael King's response to the cab driver's statement that the money was under the sun visor was to send his codefendant to get it. A minute later, Carol King returned and said: "There is almost $20 here." Then, after asking the victim if he had any more money, he once again sent Carol King back to the cab. From this testimony, it was reasonable for the trial court to

infer that money was taken from the cab. The evidence establishes that the offense charged was actually committed. No reasonable hypothesis of innocence can explain the actions of the defendants.

Accordingly, the convictions for armed robbery are affirmed.

Affirmed.

TRAPP, P. J., and GREEN, J., concur.