THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JERRY LEE FREEMAN, Defendant-Appellant.

Second District   No. 83—205

Opinion filed February 10, 1984.

G. Joseph Weller and John R. Wimmer, both of State Appellate Defender's Office, of Elgin, for appellant.

Eugene Stockton, State's Attorney, of Dixon (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Jerry Lee Freeman, appeals from his conviction for violation of sections 4(e) and 5(e) of the Cannabis Control Act. Ill. Rev. Stat. 1979, ch. 56½, pars. 704(e), 705(e).

In the early morning hours of September 19, 1982, Lieutenant Edwin Blake of the Lee County Sheriff's Department obtained a warrant to search a house at 1119 Palmyra Avenue in the city of Dixon, Lee County, Illinois. The lieutenant and deputy sheriffs executed the warrant shortly after its issuance and seized several pounds of cannabis which were introduced in evidence at the defendant's trial.

Prior to trial, the defendant filed a motion to suppress evidence seized during the search on the basis that it was improperly issued in certain respects and specifically that the "information of the informant-affiant, is not true, and consists solely of perjured statements and

lies on the part of said " 'reliable informer.' "

The motion was denied. The defendant was convicted by jury trial and sentenced to the Department of Corrections for six years for manufacture of cannabis and four years for possession of cannabis, the sentences to be concurrent. He was fined $1,200.

The defendant raises four issues for review: (1) Whether the search warrant should have been quashed; (2) Whether it was error to refuse to produce the informant so the defendant could disprove the averments in his affidavit upon which the warrant was based; (3) Whether the cannabis found in the garage should have been suppressed as being the fruit of an unlawful warrantless search not falling within any exception to the warrant requirement; and (4) Whether the unlawful possession of cannabis conviction should be vacated because it is a lesser-included offense of unlawful manufacturing of cannabis.

Eight to ten officers of the Lee County Sheriff's Department executed a search warrant issued for a two-story single-family dwelling in Dixon, Illinois, during the early morning hours of September 19, 1982. Officers at the front door knocked several times during a three-to-five minute period, but received no response. They tried the door, it was unlocked, and they entered the residence, calling out the defendant's name and announcing "Sheriff's Department." Cathy Freeman, the defendant's wife, appeared in the living room. Their two children were asleep in another bedroom. The defendant was found in the couple's bedroom, putting on his pants. He and his wife sat in the living room while additional officers were admitted to the house, and the search commenced. Various amounts of a leafy green substance were found in the house, primarily in the kitchen and basement. Several pipes, packages of plastic bags and baggies, and other paraphernalia were also seized. Some of the substance seized from the basement was found on a tray inside a large styrofoam box which had a tin or aluminium lining, and a light bulb inside as a source of heat. This device was described at the trial as a "hot box," used for drying marijuana. Detective Lieutenant Blake testified he walked outside to urinate near the garage which was located 30 to 40 feet away from the house, and that he heard the noise of a fan blowing in the garage. He looked through the double garage door windows into the garage, which was illuminated by the lights on in the house, and observed what he thought was marijuana spread out on the floor of the garage. He obtained the garage keys from Mrs. Freeman, and officers seized a quantity of a moist leafy substance which was spread out on plywood on the floor of the garage directly in the airstream of the fan.

At trial, Mrs. Freeman testified on cross-examination the officers "asked for the [garage] keys so they didn't have to break the door down."

The substance taken from the basement tested out positively to be 408.2 grams of cannabis, and the substance found in the garage tested out positively to be 507.1 grams of cannabis.

### (1) MOTION TO QUASH AND SUPPRESS

The affidavit in support of the complaint for search warrant, signed by the informant, stated:

> "Larry Thompson, being first duly sworn on his oath, appears before the undersigned Judge of the 15th Judicial Circuit, Lee County, Illinois, and states:
>
> 1. That he personally knows Jerry Freeman to reside at the premises described as a two-story wood frame single family dwelling located at 1119 Palmyra Avenue, Dixon, Lee County, Illinois.
>
> 2. That within the past 3 days Affiant has personally been present at the premises described in paragraph 1 above and while at the premises has observed cannabis.
>
> 3. Affiant believes the substance to be cannabis because Affiant has used and observed cannabis on numerous prior occasions.
>
> /s/ Larry Thompson
> Affiant."

Defendant argues the search warrant should have been quashed and the evidence suppressed because the judge who issued the warrant had been deceived as to the true identity of the informer by the informer, Larry Thompson, and by the complainant Detective Lieutenant Edwin Blake of the Lee County Sheriff's Department who sought the warrant based on the affidavit in question. It was brought out at the suppression hearing that Larry Thompson was not the informer's real name, that Detective Lieutenant Blake knew it was not the informer's real name, and that the issuing judge had no knowledge of this fact. At the judge's home during the early morning hours of September 19, Thompson was sworn by the judge, answered unspecified questions for about five or six minutes, and the judge signed the warrant.

The defendant contends *People v. Farnsworth* (1981), 95 Ill. App. 3d 105, and *People v. Garcia* (1982), 109 Ill. App. 3d 142, support his position here that the warrant must be quashed and the evidence suppressed because the intentional deception perpetrated on the issuing

judge constituted a violation of the defendant's fourth amendment rights. He points out the affidavit contained no allegation concerning Thompson's reliability, nor did the detective's complaint for search warrant which was supported by the affidavit. Consequently, the issuing judge's evaluation of Thompson's reliability could only have been based on the impression formed by the judge during the five to six minute early-morning proceeding.

The defendant argues that had the judge known Thompson was not using his real name, he might have evaluated his reliability differently, and might have questioned him in more depth. Defendant does not argue that an informer may not use a fictitious name, only that the use of the fictitious name should not mislead the issuing judge into believing that it is the informer's true name. As we pointed out in *People v. Evans* (1978), 57 Ill. App. 3d 1044, 1050, we are bound by the decision in *People v. Stansberry* (1971), 47 Ill. 2d 541, to the effect that the search warrant affidavit is not defective merely because it was signed by an informant who used an alias. The fact that the informant used an alias does not of itself undermine the validity of the affidavit.

Nor do we believe does the holding in *People v. Farnsworth* (1981), 95 Ill. App. 3d 105, require that we quash the warrant in this case. In the *Farnsworth* case, the informant was not presented to the magistrate as here. The officer making the affidavit appeared before the magistrate but the informant did not. The officer misled the court to believe that "James Harris" was the real name of the informant which was not true, and also that "an ordinary citizen" gave the officer information when in fact the "ordinary citizen" and "James Harris" were not two people but, in reality, one person.

In the case at hand, however, the informant did appear before the judge and was interrogated by him for five to six minutes. This was sufficient for the judge to assess the informant's credibility. *City of Chicago v. Adams* (1977), 67 Ill. 2d 429, 433-34.

We do not believe the decision on the motion to suppress is controlled by the decision in *People v. Garcia* (1982), 109 Ill. App. 3d 142. In that case, the court on review remanded for an evidentiary hearing pursuant to *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674, where the affidavit of the police officer was countered by a defendant's affidavit, which specifically denied each factual allegation in the officer's affidavit and defendant's affidavit was sufficiently detailed to subject him to a charge of perjury, if untrue.

The defendant's motion in this case is not specifically detailed to

contradict the facts showing probable cause in the affidavit for search warrant.

While we do not approve of misrepresentation of the informant's name, we conclude that the informant's use of an alias unknown to the judge did not invalidate the warrant process. The trial court was, therefore, correct in refusing to quash the search warrant.

### (2) MOTION TO PRODUCE THE INFORMER

■ The defendant next argues it was error for the court to deny his motion to produce the informer because without knowing the informer's identity, he could not make a "substantial preliminary showing that a false statement knowingly and intentionally or with reckless disregard for the truth was included by the affiant in the warrant affidavit" as required by *Franks v. Delaware* (1978), 438 U.S. 154, 57 L. Ed. 2d 667, 98 S. Ct. 2674. He distinguishes the instant cause from that presented in *McCray v. Illinois* (1967), 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056, on the basis the focus there was not whether the anonymous informer lied, but whether the police officer there did, in fact, rely in good faith on credible information supplied by a reliable informer. The defendant points out, however, that special problems are presented to an accused when the information is supplied by an anonymous informer because of the difficulty of making the "substantial preliminary showing" that certain statements were intentionally false, as required by *Franks*, without knowing who made them. The defendant urges this court to adhere to the guidelines expressed in *State v. Chase* (Me. 1982), 439 A.2d 526.

In deciding whether in that case the court had properly ordered disclosure of the anonymous informer, the court determined that:

> "The trial judge in the exercise of his discretion must balance the State's interest in protecting the flow of information against the defendant's need for information material to his defense. Because of the State's interest involved, some showing greater than a bare assertion and supported by more than the mere desire to determine the informant's identity must be made by the defendant. A legitimate question or doubt must be raised in the Court's mind as to the affiant's credibility before disclosure is warranted, but the level of showing adequate to vitiate the State's interest need not be as great as that required by *White* [*State v. White* (Me. 1978), 391 A.2d 291, which applied *Franks*] to compel an evidentiary hearing. The Court should bear in mind, at all times, the difficulty of raising substantial allegations regarding an affiant's or informant's con-

duct where the identity of the informant is unknown to the defendant." *State v. Chase* (Me. 1982), 439 A.2d 526, 531.

The defendant contends a legitimate doubt was raised when it was revealed that the informer lied to the issuing judge about his identity. At that point, the defendant argues, the informer's privilege should have yielded to the defendant's constitutional rights, he should have been identified or produced, either *in camera* or in open court, to enable the defendant to obtain, if he can, the information necessary to establish the threshold showing as required under *Franks*.

The State responds that *Chase* is not persuasive "in light of the strong language" of the Supreme Court in *McCray v. Illinois* (1967), 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056, which upheld the informer's privilege, and that acceptance of the defendant's position here would vitiate the informer's privilege. Additionally, the State argues the defendant's allegations that "the information of the informant-affiant, is not true, and consists solely of perjured statements and lies on the part of said 'reliable informer,' " is conclusional in the extreme, and does not approach the preliminary showing required by *Franks*.

We do not believe the court erred in refusing disclosure of the informer in this case. Despite the State's argument that the informer's privilege will be vitiated by acceptance of the defendant's position on this issue, we believe the *Franks* court recognized the eventuality that the informer's privilege could be caused to yield as a consequence of its decision, yet it declined to prescribe the circumstances attending such eventuality; to-wit:

> "And because we are faced today with only the question of the integrity of the affiant's representations as to his own activities, we need not decide, and we in no way predetermine, the difficult question whether a reviewing court must ever require the revelation of the identity of an informant *once* a substantial preliminary showing of falsity has been made." (Emphasis added.) *Franks v. Delaware* (1978), 438 U.S. 154, 170, 57 L. Ed. 2d 667, 681, 98 S. Ct. 2674, 2684.

The *Chase* case did not address the circumstances attending the eventuality, and prescribed the test previously excerpted here. It is clear *Franks* contemplated some kind of preliminary showing would also be necessary before such disclosure. *Chase* cogently determined that a showing less substantial than that required for an evidentiary hearing under *Franks* must be made before disclosure was warranted, and allowed that the court should have judicial discretion to balance the weighty countervailing interests. The lesser-showing requirement

logically flows from recognition of the difficulty of raising substantial allegations regarding an affiant's or informer's conduct where the identity of the informer is unknown to the defendant.

The Supreme Court in *Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623, held that disclosure of an informer's identity is required where it is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause \*\*\*." (353 U.S. 53, 60-61, 1 L. Ed. 2d 639, 645, 77 S. Ct. 623, 627-28.) The court also stated:

> "We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v. United States* (1957), 353 U.S. 53, 62, 1 L. Ed. 2d 639, 646, 77 S. Ct. 623, 628.

■ Although the need for the identity of an informer may not be as weighty in the context of a suppression hearing as it is where guilt or innocence is at issue, this does not foreclose the defendant's right to disclosure in order to insure a fair hearing on the probable cause issue. When a defendant attacks an affidavit based upon facts attributed to confidential informers and thereby brings into question the validity of a warrant, the trial judge must decide whether in his sound discretion disclosure is warranted. Accepting for the sake of argument, but without adopting the *Chase* test, the defendant here has not even raised the "legitimate doubt" required in *Chase*. The fact the informer proceeded anonymously is insufficient, in our opinion, to required disclosure in the absence of any indication that revelation of the informer's identity will aid the defendant in his challenge to the warrant. That is, the defendant must make some showing that the allegations contained in the informer's affidavit may be specifically controverted, thereby placing the informer's credibility—and the validity of the subsequent finding of probable cause—at issue.

Here, the defendant only generally alleged that the information of the informer "[was] not true, and consist[ed] solely of perjured statements and lies \*\*\*." A more specific attack on the truth of the information provided by the informer was necessary before revelation of his identity could be viewed as an aid in the defendant's challenge to the warrant. We conclude the court did not abuse its discretion in

refusing to disclose the identity of the informer in this instance.

### (3) Unlawful Search/Invalid Consent

■ The defendant argues the cannabis found in the garage (507.1 grams) should have been suppressed because the garage was outside the scope of the search warrant and Cathy Freeman's subsequent alleged consent was ineffective because it was inextricably bound up with the prior illegal search. In support, he cites *People v. Grogan* (1978), 63 Ill. App. 3d 711, *People v. Kelly* (1979), 76 Ill. App. 3d 80, and *People v. Patrick* (1981), 93 Ill. App. 3d 830.

Without citation of authority, the State argues the court's finding that Freeman's consent was valid implies a finding that the officer's initial viewing of the cannabis in the garage was legal, and is, therefore, not open to question. Citing *People v. Pallardy* (1981), 93 Ill. App. 3d 725, the State suggests this issue was waived because it was not specified in the post-trial motion, and alternatively suggests that if the defendant should prevail on this issue, that the proper remedy would not be reversal and remandment but, rather, suppression of the 507.1 grams of cannabis found in the garage, and reduction of the offense to a Class 3 felony on the basis of the 408.2 grams of cannabis which was lawfully seized from the house.

In reply to the waiver argument, the defendant points to his post-trial motion wherein the court's error in failing to suppress the evidence was specifically raised, and to the record of the hearing on the motion to suppress. Additionally, the defendant cites *People v. Taylor* (1972), 3 Ill. App. 3d 313, for the proposition that if the offense is reduced to a Class 3 felony, the court should also reduce the defendant's six-year sentence to a four-year sentence.

The defendant's argument on this issue is well taken. The warrant clearly did not include the garage, and the cannabis was not within the plain view of the officer from a place where he had a right to be. (See *People v. Montgomery* (1980), 84 Ill. App. 3d 695.) The garage was located between 30 to 40 feet away from the house on private property. The doors were closed and the only illumination was from the lights which were on in the house. This evidences the defendant's reasonable expectation of privacy in the contents of the garage. Despite the lack of direct evidence as to the existence of a bathroom in the house, we believe most, if not all, single-family dwellings in established cities at this point in time are required to have some sanitary facilities, and we doubt if Dixon is an exception to this general statement. There appears to have been no valid reason for the officer's act of relieving himself outdoors, much less any reason to

do so next to a garage located 30 to 40 feet away from the house which was the prime search area. The evidence does not show the officer had to pass by the garage in order to lawfully execute the search warrant for the house, or for any other reason, nor is any exigency apparent which would have justified a warrantless search of the garage as was the case in *People v. Morrow* (1982), 104 Ill. App. 3d 995, 1003-04. In our opinion, his actions constituted an unreasonable and invalid search not falling within any of the exceptions to the warrant requirements.

One of the specifically established exceptions to the requirement of both a warrant and probable cause is a search that is conducted pursuant to consent. (*Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 36 L. Ed. 2d 854, 93 S. Ct. 2041.) However, the purported consent given by Cathy Freeman was ineffective because it was "inextricably bound up with illegal conduct and cannot be segregated therefrom." (*People v. Kelly* (1979), 76 Ill. App. 3d 80, 86.) Accordingly, we agree with the defendant that the court erred in not suppressing the 507.1 grams of cannabis found in the garage.

■ Under Supreme Court Rule 615(b)(3), this court may reduce the degree of the offense to a Class 3 felony on the basis the only other evidence against the defendant was 408.2 grams of cannabis. (87 Ill. 2d R. 615(b)(3).) It may likewise reduce the punishment imposed. (87 Ill. 2d R. 615(b)(4).) However, in view of the State's concession that the defendant's conviction for the lesser-included offense of possession must be vacated (*People v. Aldridge* (1978), 58 Ill. App. 3d 260), we believe that a remand for resentencing is appropriate. The authority cited by the defendant in support of this court's rote imposition of a four-year sentence, *People v. Taylor* (1972), 3 Ill. App. 3d 313, was decided at a time when sentencing was for indeterminate terms. The current statute provides for determinate terms within the range specified. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1.) The trial court is in the best position to observe the accused and to assess the factors offered in aggravation and mitigation.

### (4) VACATION OF POSSESSION CONVICTION

As noted above, the State concedes the defendant's conviction for this offense should be vacated on the basis that it is a lesser-included offense of the manufacturing charge, and we concur. *People v. Aldridge* (1978), 58 Ill. App. 3d 260.

The judgment of the circuit court of Lee County denying the defendant's motion to quash the warrant and suppress the evidence is affirmed. The 507.1 grams of cannabis seized from the garage should

be suppressed as being the fruit of an unlawful warrantless search with no valid consent given, the degree of the manufacturing offense is reduced to a Class 3 felony, the defendant's conviction for possession is vacated as a lesser-included offense, and the cause remanded for resentencing.

Affirmed in part; reversed in part and remanded for resentencing.

SEIDENFELD, P.J., and VAN DEUSEN, J., concur.