THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RUSSELL MILLS *et al.*, Defendants-Appellants.

Third District   Nos. 3—92—0174 through 3—92—0176 cons.

Opinion filed January 14, 1993.—Rehearing denied February 23, 1993.

Janet Gandy Fowler, of State Appellate Defender's Office, of Mt. Vernon, for appellants.

Marc Bernabei, State's Attorney, of Princeton (John X. Breslin and Lawrence Michael Kaschak, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendants, Russell Mills, Elmer R. Bays, and Clifford Messer, were convicted of unlawful possession of cannabis and unlawful manufacture of cannabis (Ill. Rev. Stat. 1991, ch. 56½, pars. 704(e), 705(e)). They were each sentenced to three years' probation and six months in jail for the unlawful manufacture conviction, and a concurrent term of two years' imprisonment for the unlawful possession conviction. The defendants appeal.

The record reveals that on October 9, 1991, police observed a gray Cadillac and a U-Haul truck parked on the side of the road. Bays and Messer were subsequently seen going into a field where wild cannabis was known to grow. A short while later the men returned to their vehicles carrying trash bags full of cannabis. During this time, Mills waited in the driver's seat of the Cadillac. Police subsequently stopped the defendants' vehicles and found trash bags containing over 100 pounds of cannabis. Following a bench trial, the defendants were convicted of both unlawful manufacture of cannabis and unlawful possession of cannabis.

At the sentencing hearing, the defendants admitted their participation and expressed remorse. The trial court recognized that the defendants were essentially first offenders, but took note of the large quantity of cannabis involved. The court then sentenced each defendant to three years' probation and six months in jail for the unlawful manufacture conviction, and a concurrent term of two years' imprisonment for the unlawful possession conviction. Additionally, the parties stipulated to a fine and court costs for each defendant in the amount of $7,500.

On appeal, the defendants contend that their convictions for unlawful manufacture of cannabis and unlawful possession of cannabis cannot both stand. As a basis for this contention, the defendants argue that both convictions stem from a single transaction and that unlawful possession of cannabis is a lesser-included offense of unlawful manufacture of cannabis.

■ We initially note that we are not persuaded by the State's arguments that the manufacture and possession charges stemmed from different acts. The possession offense occurred simultaneously to and as a part of the manufacturing offense. For the same reason, the defendants are correct in their assertion that unlawful possession of cannabis is an included offense of unlawful manufacture of cannabis. (*People v. Freeman* (1984), 121 Ill. App. 3d 1023, 460 N.E.2d 125; see *People v. Lewis* (1980), 83 Ill. 2d 296, 415 N.E.2d 319.) Accordingly, we vacate the defendants' unlawful possession of cannabis convictions since they are the lesser offenses. See *People v. Freeman* (1984), 121 Ill. App. 3d 1023, 460 N.E.2d 125; *People v. Duszkewycz* (1963), 27 Ill. 2d 257, 189 N.E.2d 299.

The defendants next contend that their sentences for unlawful possession of cannabis constituted an abuse of discretion on the part of the trial court. We find that since we have vacated the defendants' convictions for that offense, this contention is rendered moot.

The defendants' final argument on appeal is that they are entitled to a $5-per-day credit toward their fine for the three days they spent in custody prior to sentencing. (Ill. Rev. Stat. 1991, ch. 38, par. 110—14.) The State disagrees and argues that this issue has been waived because the amount of the fine was stipulated to at the sentencing hearing.

■ Our review of the record discloses that at the sentencing hearing the parties stipulated to the amount of the fine and costs. However, that stipulation made no reference to the statutory credits now at issue. Accordingly, we are unwilling to say that the defendants' stipulation constituted a waiver of those credits. We therefore hold that the defendants are entitled to a $5-per-day credit for the time spent in custody prior to sentencing.

The judgment of the circuit court of Bureau County is affirmed in part, vacated in part, and remanded for entry of an order reflecting the aforementioned credits.

Affirmed in part; vacated in part and remanded.

McCUSKEY, P.J., and BARRY, J., concur.