222 P.3d 113 (2009)
STATE of Washington, Respondent,
v.
Kevin M. BICKLE, Appellant.
No. 37664-4-II.
Court of Appeals of Washington, Division 2.
November 17, 2009.
*114 Rebecca Wold Bouchey, Attorney at Law, Mercer Island, WA, for Appellant.
Stephen D. Trinen, Pierce County Prosecutors Ofc., Tacoma, WA, for Respondent.
PENOYAR, A.C.J.
¶ 1 Kevin M. Bickle appeals his resentencing for his 2002 convictions of unlawful manufacture of methamphetamine,[1] unlawful manufacture of marijuana,[2] unlawful possession of methamphetamine,[3] and unlawful possession of marijuana.[4] He claims that his offenses were the same criminal conduct, and that the trial court erred in treating these offenses separately in determining his sentence range. We affirm each of the convictions, and we uphold the sentences for the manufacture and possession of methamphetamines. We disagree with the trial court on one issue, however. We hold that, for sentencing purposes, manufacturing and possessing marijuana constitute the same criminal conduct. Therefore, we reverse Bickle's sentence and remand for resentencing.

Facts
¶ 2 We set out the facts in Bickle's previous direct appeal as follows:
On the night of August 8, 2002, Mary Wigley, Bickle's ex-girlfriend, reported to the Thurston County Sheriff's Office that even though she had a no-contact order against Bickle, he had left threatening messages on her answering machine. She also reported that Bickle was growing marijuana and manufacturing methamphetamine at his house on Ainsworth Street in Tacoma.
The next morning, Steve Hamilton, a Thurston County detective, thought he had probable cause to arrest Bickle for violating a no-contact order and for failing to register as a sex offender. Hamilton drove to Tacoma to arrest Bickle. Pierce County detective Nathan Clammer arrived to assist and, because Bickle was under supervision by the Department of Corrections (DOC), one of its officers also arrived.
The officers observed that Bickle's house was surrounded by a six-foot high chain-link fence with two gates, both padlocked. Bickle's vehicle was in the driveway. Clammer called the residence, but no one answered. Clammer and the DOC officer then jumped the fence "with the intention of arresting Bickel [sic]." [Clerk's Papers (CP) at 24.] They knocked on the front door, identified themselves, then knocked on another door. No one responded, so they came back outside the fence. While *115 inside the fence, they smelled a strong chemical odor and saw drug paraphernalia.
The officers applied for a Pierce County search warrant. Simultaneously, Thurston County officers applied for an arrest warrant based on Bickle's failure to comply with sex offender registration requirements. Both warrants were granted.
Sergeant Shawn Stringer and Detective Terry Krause, both of the Tacoma Police Department, also arrived to assist. Stringer waited for both warrants because "there was no rush." [1 Report of Proceedings (RP) (3.6 hearing, Oct. 22, 2002) at 34.] After trying to contact Bickle for about five hours, the officers broke the door down, and Stringer, Krause, and a meth lab team entered the residence. Once inside, the officers observed a marijuana grow operation and meth lab paraphernalia.
The team searched the entire house but did not find Bickle. Finally, they determined that he was in a crawl space leading to the attic. They tried to flush him out with gas but eventually had to cut a hole in the roof. He was arrested and taken to jail.
On August 12, 2002, the State charged Bickle with unlawfully manufacturing methamphetamine and unlawfully manufacturing marijuana. On October 22, 2002, the State added a count of unlawfully possessing methamphetamine and a count of unlawfully possessing marijuana.
. . . .
On October 23, 2002, the court convened a jury trial. On October 29, 2002, the jury found Bickle guilty as charged. After sentencing, he filed this appeal.
State v. Bickle, noted at 121 Wash.App. 1005, 2004 WL 792413, at * 1-2 (footnotes omitted).
¶ 3 Bickle challenged the search and seizure on appeal, but we affirmed. Pro se, he challenged his offender score calculation, claiming that certain offenses amounted to same criminal conduct. We refused to address the merits of this claim because defense counsel affirmatively agreed to Bickle's standard range at sentencing.
¶ 4 Bickle then filed a personal restraint petition, claiming that (1) his offender scores were incorrect because they were calculated using an outdated sentencing statute; (2) his two manufacturing convictions violate the prohibition against double jeopardy under the "unit of prosecution" rule; and (3) the sentencing court erred when it failed to consider his current offenses as the same criminal conduct. The State conceded error on the offender score and we granted the petition, reserving issues (2) and (3) for the trial court to resolve at the resentencing hearing. In re Pers. Restraint Petition of Bickle, No. 36079-9-II, filed December 11, 2007.
¶ 5 At the 2008 resentencing hearing, the trial court calculated Bickle's offender score at nine for the methamphetamine manufacturing. It imposed a low-end standard range sentence of 149 months' incarceration for the methamphetamine manufacturing count and high-end standard range sentences based on an offender score of five for the marijuana manufacturing count and the counts for possession of methamphetamine and marijuana.[5]
¶ 6 The trial court specifically found that the two manufacturing counts were not the same criminal conduct and that the possession counts were not the same criminal conduct as each of the manufacturing counts. Bickle now appeals.

Analysis

I. Same Criminal Conduct  Manufacturing Methamphetamine and Marijuana
¶ 7 Bickle first argues that the trial court erred in finding that the two manufacturing counts were not the same criminal conduct. He argues that they occurred at the same time and place and had the same objective intent.
¶ 8 Bickle further argues that the trial court erred because the fact that two different drugs were involved is not dispositive; rather, the only question was whether his objective intent was the same. State v. Garza-Villarreal, 123 Wash.2d 42, 49, 864 *116 P.2d 1378 (1993) ("[T]hat the two charges involved different drugs does not by itself evidence any difference in intent. The possession of each drug furthered the overall criminal objective of delivering controlled substances in the future.").
¶ 9 The State responds that Bickle had different objective intents because the two manufacturing processes were to produce two separate drugs, methamphetamine and marijuana. Further, the State argues that the manufacturing processes differ significantly. Finally, the State argues that the manufacturing processes took place in different locations because Bickle manufactured the methamphetamine in his kitchen, but the marijuana operation was in his basement, which was only accessible through an outside door.
¶ 10 Bickle argues that the only dispute is whether he had the same criminal intent when committing both manufacturing offenses. The State concedes that these offenses occurred at the same time and against the same victim but disputes that they occurred in the same place and with the same objective criminal intent.
¶ 11 If concurrent offenses involved the same criminal conduct, we treat them as one crime when calculating a defendant's offender score. State v. Vike, 125 Wash.2d 407, 410, 885 P.2d 824 (1994). Offenses amount to the "same criminal conduct" if they "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a).
¶ 12 The trial court did not abuse its discretion in ruling as it did because these two offenses did not share the same objective criminal intent. In order to determine whether two crimes share the same criminal intent, courts look at whether the defendant's intent, viewed objectively, changed from one crime to the next and whether commission of one crime furthered the other. State v. Freeman, 118 Wash.App. 365, 377, 76 P.3d 732 (2003) (citing Vike, 125 Wash.2d at 411, 885 P.2d 824).
¶ 13 Because the facts here support the trial court's position that Bickle had two separate manufacturing processes in his home and had different intents with regard to each, we cannot say that the trial court abused its discretion in finding that the two manufacturing counts were not the same criminal conduct. See State v. Demery, 144 Wash.2d 753, 758, 30 P.3d 1278 (2001) (a court abuses its discretion when it takes a position no reasonable person would adopt).

II. Same Criminal Conduct  Manufacturing and Possessing The Same Substance
¶ 14 Bickle next argues that possessing the end product of the manufacturing process is part of the same criminal conduct because the objective criminal intent remains the same. He argues that the objective intent of manufacturing is to produce the drug and the inherent intent of possession is to possess the drug; thus, he argues, the objective intent is the same.
¶ 15 He acknowledges, State v. Maxfield, 125 Wash.2d 378, 403, 886 P.2d 123 (1994), rev'd on other grounds, In re Pers. Restraint of Maxfield, 133 Wash.2d 332, 945 P.2d 196 (1997), but he claims it is distinguishable. In Maxfield, the defendant was convicted of manufacturing and possessing with intent to deliver. The court said that both offenses had separate objective intents: one intent was to grow the drug and the other was to deliver it to third persons. Maxfield, 125 Wash.2d at 403, 886 P.2d 123. Bickle argues that he had no such change in criminal objective because he was manufacturing the drugs in order to possess them and, thus, his behavior was part of a continuous criminal enterprise.
¶ 16 The State argues that these offenses involved different intents, occurred at different times and in different places, and, therefore, are not same criminal conduct. First, the State argues, the intent of manufacturing is to produce marijuana or methamphetamine while the intent of possession is to possess marijuana and methamphetamine for personal use. Second, the State argues that these offenses occurred at different times because manufacturing is an on-going process while possession occurs in the present. Third, the State argues that these offenses occurred in different places because the marijuana Bickle *117 possessed was in his kitchen freezer whereas the grow operation was in his basement accessible only from an outside door.[6]
¶ 17 The trial court did not address the time and place elements but rather focused on the objective intent. We cannot say that it abused its discretion in finding that the manufacturing and possession of methamphetamines do not comprise same criminal conduct because the possession and manufacture of methamphetamines require two separate objective intents  a present intent and a future intent. In manufacturing methamphetamines, the intent to possess the drug is an intent to possess it in the future, whereas, the intent involved with the possession of methamphetamines is a present intent.
¶ 18 Furthermore, as the State notes, for methamphetamine, one need not complete the manufacturing process in order to be convicted of manufacture. See State v. Poling, 128 Wash.App. 659, 668, 116 P.3d 1054 (2005); RCW 69.50.101(p) (defining manufacture to include production, preparation, and other steps[7]). Importantly, in order to possess the methamphetamines one is manufacturing, one must complete the manufacturing process. Before completing the manufacturing, one does not possess methamphetamine, but instead merely possesses a chemical mixture. Also, while one may manufacture a substance in order to ultimately possess and use it, that is not necessarily always the case as one may manufacture it to sell, give to friends, or as an obligation to a third party. Ultimate possession is not necessarily the objective of manufacturing. See State v. Burns, 114 Wash.2d 314, 319-20, 788 P.2d 531 (1990) (possession and intent to deliver have different objective intents).
¶ 19 Unlike methamphetamine  a compound synthesized from a combination of other substances  marijuana is manufactured directly from marijuana seeds and, under RCW 69.50.101(q), possessing seeds is the equivalent of possessing marijuana plants. Therefore, Bickle possessed marijuana in order to manufacture it, and he manufactured it in order to possess it. This factual scenario is quite different than methamphetamine manufacturing, where several distinct chemicals are processed to produce another distinct chemical, methamphetamine. Because Bickle used one form of marijuana to produce a greater amount of another form of marijuana, the same criminal conduct analysis differs.
¶ 20 We have found no Washington case addressing possession and manufacture of marijuana as possible same criminal conduct. We have also not found such a case from any other state having a similar determinate sentencing scheme. A somewhat analogous question, though, is whether possessing marijuana is a lesser included offense of manufacturing marijuana.[8] Here we have found a split of opinion.
¶ 21 Courts in other jurisdictions have held that possessing a controlled substance is a lesser included offense of manufacturing because possessing the controlled substance may be required for its manufacture. See Patton v. People, 35 P.3d 124, 131 (Colo.2001) ("one who manufactures a controlled substance also possesses the substance in the *118 course of manufacturing it . . . Logic dictates that such control is required in the production of the substance."); Craig v. State, 314 Ark. 585, 863 S.W.2d 825, 827 (1993). ("In proving the offense of manufacturing, the State must necessarily show the defendant has control of the controlled substance in order to manufacture it."); see also People v. Freeman, 121 Ill.App.3d 1023, 77 Ill.Dec. 266, 460 N.E.2d 125, 131 (1984) (defendant's conviction for possessing marijuana vacated because possessing marijuana is lesser-included offense of manufacturing marijuana). Each of these cases held that, for double jeopardy purposes, a defendant could not be convicted for both possessing and manufacturing the controlled substance in question.
¶ 22 Other states, however, have held that possession may not be a lesser included offense of manufacturing marijuana because, under state statutes, the crime of manufacturing does not necessarily include the elements required for a possession conviction. See State v. Spivie, 581 N.W.2d 205, 209 (Iowa App.1998) (one could hypothetically finance a manufacturing operation without being in possession of the marijuana). See also Galbreath v. State, 213 Ga.App. 80, 443 S.E.2d 664, 665 (1994) ("Possession of marijuana is not a necessary element of the crime of knowingly manufacturing marijuana by cultivating or planting, and so misdemeanor possession is not a lesser offense included in the crime of manufacturing. . . ."); State v. Peck, 143 Wis.2d 624, 422 N.W.2d 160, 169 (App.1988) ("Possession . . . is not an element of the offense of manufacturing a controlled substance under [the Wisconsin statute]."); State v. Jenkins, 74 N.C.App. 295, 328 S.E.2d 460, 463 (1985).
¶ 23 Thus not all states agree on whether manufacturing marijuana has a lesser included offense of possessing marijuana. As we have noted, however, a same criminal conduct analysis in Washington differs from a lesser included offense analysis. Under RCW 9.94A.589(1)(a), same criminal conduct requires two offenses with the same criminal intent, committed at the same time and place, and involving the same victim.
¶ 24 Importantly, Washington courts look for the concurrence of intent, time and place, and victim by examining whether each offense was part of a recognizable scheme or plan and whether the defendant substantially changed the nature of his criminal objective from one offense to another. State v. Boze, 47 Wash.App. 477, 480, 735 P.2d 696 (1987). Moreover, a court's analysis focuses on whether one crime furthered the other. State v. Dunaway, 109 Wash.2d 207, 215, 743 P.2d 1237 (1987).
¶ 25 To determine criminal intent, courts first objectively view each underlying statute and determine if the required intents are the same for each count. State v. Rodriguez, 61 Wash.App. 812, 816, 812 P.2d 868 (1991). Where the statutory intents are the same, the court next objectively views the facts to determine whether a defendant's intent was the same with respect to each count. Rodriguez, 61 Wash.App. at 816, 812 P.2d 868. When one possesses marijuana, one has the objective intent of having it, and when one manufactures marijuana, one has the intent to produce it. In manufacturing, one has the intent not only to manufacture marijuana, but also a present intent to possess it, because possessing marijuana is necessary for its manufacture. Therefore, a present intent to possess is common in both offenses.
¶ 26 Bickle's acts of possessing and manufacturing marijuana make up a recognizable scheme in which one crime furthered the other. Bickle needed to possess marijuana in order to manufacture more of it; and by manufacturing more, he then possessed more. Manufacture and possession lie within the same continuum, sharing the same criminal objective. Additionally, Bickle's marijuana possession and manufacturing existed concurrently at the same time and place  2824 South Ainsworth in Tacoma. Finally, the victim for both the offenses was the public.
¶ 27 The trial court abused its discretion by calculating Bickle's marijuana manufacture and possession convictions separately at sentencing. Because they constituted the same criminal conduct, the two convictions should have counted as one for sentencing purposes.
*119 ¶ 28 We reverse Bickle's sentence and remand for resentencing.
WE CONCUR: HOUGHTON and LEACH, JJ.
NOTES
[1] A violation of RCW 69.50.401(a)(1)(ii).
[2] A violation of RCW 69.50.401(a)(1)(ii).
[3] A violation of RCW 69.50.401(d).
[4] A violation of RCW 69.50.401(d).
[5] Bickle's original 2002 sentence was for 198 months' incarceration.
[6] The State does not explain why the methamphetamine possession and methamphetamine manufacturing occurred in different places, describing only the manufacturing process, precursor products, and completed product found in the kitchen.
[7] RCW 69.50.101(p): "Manufacture" means "the production, preparation, propagation, compounding, conversion, or processing of a controlled substance, either directly or indirectly or by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container."
[8] Cases involving lesser included offenses involve double jeopardy questions. For example, can a defendant be convicted of both possessing and manufacturing a controlled substance? For a crime to be a lesser included offense of another, the "same elements" test applies, which determines whether each crime contained elements the other crime lacks. See State v. Brewer, 148 Wash.App. 666, 675, 205 P.3d 900 (2009). Trial courts determine "same criminal conduct" for sentencing purposes. For example, if a defendant is convicted of two offenses arising from the same criminal conduct, then that single act of criminal conduct may be calculated only once at sentencing.