NEAL, Appellant,

v.

McGILL SEPTIC TANK COMPANY et al.; Mixer Systems, Inc., Appellee.

[Cite as *Neal v. McGill Septic Tank Co.* (1996), 116 Ohio App.3d 272.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 96-T-5482.

Decided Dec. 2, 1996.

*Dennis R. Lansdowne* and *Justin F. Madden,* for appellant.

*Harry T. Quick* and *Jonathan R. Cooper; Eric J. Van Vugt* and *Katherine H. Grebe,* for appellee.

NADER, Judge.

This is an appeal from an entry of summary judgment in the Trumbull County Court of Common Pleas.

On June 17, 1994, appellant Patrick M. Neal filed a complaint against McGill Septic Tank Company ("McGill"), which was later amended to include appellee Mixer Systems, Inc. ("MSI") and Praschak Machine Company, as defendants.

The complaint alleged that appellant injured his arm as an employee of McGill, while cleaning a concrete mixer, and that the concrete mixer was defectively designed or manufactured. The complaint further alleged that MSI was the corporate successor to Praschak Machine Company, which had manufactured the concrete mixer. On August 1, 1995, appellee filed a motion for summary judgment, on the basis that MSI was not the corporate successor to Praschak Machine Company, and was therefore not liable as a matter of law. Appellant filed a brief in opposition on February 22, 1996; appellant filed a supplemental brief on February 28, 1996. Appellee filed a reply brief.[1] On May 1, 1996, the trial court granted appellee's motion for summary judgment and certified that there was no just cause for delay. Appellant filed a timely appeal, asserting that the trial court erred in granting appellee's motion for summary judgment.

Appellant contends that the trial court erred in entering summary judgment in favor of appellee because appellee had bought the assets of Praschak Machine Company, which had manufactured the cement mixer in question. Appellant contends that appellee is the corporate successor to Praschak Machine Company and is therefore liable for any defect in products manufactured by Praschak Machine Company.

Appellant contends that appellee is liable because it continued the operation of the manufacturer's company. Appellant bases this contention upon its interpretation of *Flaugher v. Cone Automatic Machine Co.* (1987), 30 Ohio St.3d 60, 30 OBR 165, 507 N.E.2d 331. Appellant contends that *Flaugher* adopted an expanded "mere continuation" test, which would hold that a corporation that "acquires a manufacturing business and continues the manufacture of its line of products assumes strict tort liability for injuries resulting from defects in units of the same product line previously manufactured and distributed." *Id.* at 66, 30 OBR at 170, 507 N.E.2d at 337. However, a careful reading of *Flaugher* indicates that although the court discussed expansion of the "mere continuation" test, it did not adopt the expanded test.

The Supreme Court of Ohio subsequently released its decision in *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 617 N.E.2d 1129. In *Welco*, the court clarified its holding in *Flaugher* and specifically rejected the expanded "mere continuation" test. Instead, the court adhered to the traditional "mere continuation" test, stating:

"A corporation that purchases the assets of another is not liable for the contractual liabilities of its predecessor corporation unless (1) the buyer expressly or impliedly agrees to assume such liability; (2) the transaction amounts to a de

---

1. This reply brief is time stamped February 6, 1996. We recognize that the time stamp must be an error, as appellant's brief in opposition was not filed until February 22, 1996.

facto consolidation or merger; (3) the buyer corporation is merely a continuation of the seller corporation; or (4) the transaction is entered into fraudulently for the purpose of escaping liability." *Id.* at paragraph one of the syllabus.

Appellant also cites *Hoover v. Recreation Equip. Corp.* (N.D.Ohio 1991), 792 F.Supp. 1484, for the proposition that Ohio has expanded the "mere continuation" test. However, this case involved a federal court attempting to apply *Flaugher*, an Ohio case. It was also decided prior to the Ohio Supreme Court's pronouncement of the rule in *Welco.*

Appellant argues, at length, the factors necessary to determine successor liability. However, it is unnecessary to reach that analysis. Appellee presented evidence in its motion for summary judgment that Praschak Machine Company, Inc. ("Praschak I") was incorporated on December 8, 1961, and existed until it was merged into Metalfab, Inc. ("Metalfab") on December 11, 1981. Appellee presented additional evidence that a second corporation named Praschak Machine Company, Inc. ("Praschak II") was incorporated on November 26, 1982. Appellee purchased substantially all of Praschak II's assets, excluding the cash, accounts receivable, stock, corporate minutes, financial records, and real property on May 17, 1984. Praschak II continued as a separate corporate entity until November 29, 1984, when it was merged into Metalfab Inc.

Appellee also presented evidence that the cement mixer in question was manufactured and shipped on October 10, 1979, when Praschak I was in existence. Appellant does not contend that the cement mixer in question was manufactured at any other time. It is clear from this evidence that the cement mixer in question was manufactured by Praschak I. Praschak I was merged into Metalfab and ceased to exist on December 11, 1981, well before Praschak II was incorporated and well before appellee entered into any agreement with Praschak II. As a result, continuity of operation from the manufacturer, Praschak I, to the appellee is prevented by the 1981 merger of Praschak I with Metalfab. There is no continuity, much less successorship, between appellee and Praschak I. It is clear that there was a clean break between Praschak I and appellee, and appellant must seek recourse against Metalfab, rather than appellee. Thus, the trial court did not err in granting appellee's motion for summary judgment. Appellant's assignment of error is meritless.

In accordance with the foregoing, the judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

FORD, P.J., and CHRISTLEY, J., concur.