I concur in the result reached by Judge Farmer. However, I would arrive at this decision by different reasoning.
In Flaugher v. Cone Automatic Machine Company (1987), 30 Ohio St.3d 60, syllabus one, the Supreme Court set forth four exceptions to the general rule that a corporation which purchases the assets of a manufacturer is not liable for injury resulting from a defective machine produced by that manufacturer. As stated in the majority and the dissent, these four exceptions are where there is an express or implied assumption of such liability, the transaction constituting the sale of assets amounts to ade facto merger or consolidation, the purchaser corporation is a mere continuation of the seller corporation, or the transaction is a fraudulent attempt to escape liability. Id. As these exceptions are stated in the disjunctive, I believe we must analyze each of the exceptions independently of the others.
I concur in the majority's analysis of the 1986 agreement, 1992 agreement, and the concept of de facto merger. However, I would then continue to analyze the mere continuation exception, reaching the opposite conclusion of that reached by the dissent.
In Welco Industries, Inc. v. Applied Companies (1993), 67 Ohio St.3d 344, paragraph one of the syllabus, the Supreme Court declined to adopt a product-line theory, as well as a relaxed mere-continuation exception, holding to the view that the basis of the theory of continuation is a continuation of the corporate entity, not merely the business operation, after the transaction. Id. at 349, citing Flaugher, supra. The court specifically noted that inadequacy of consideration is one of the indicia of continuation. Id. The court also noted that facts such as sharing the same physical plant, offices, employees, and product line are relevant only to the expanded mere-continuation and product-line theories of successor liabilities, and not to the traditional continuation theory adhered to in Ohio. Id. at 350.
While the dissent attempts to distinguish Welco on the basis it is a contract case, and not a tort case, in Flaugher, the court similarly refused to adopt an expanded notion of the theory of continuation in a tort case. In Flaugher, the court specifically stated that the gravamen of the continuation theory is continuation of the corporate entity, rather than continuation of the business operation.30 Ohio St. 3d at 64. As noted by the Court of Appeals for Trumbull County, a careful reading of Flaugher indicates although the court discussed expansion of the continuation test, it did not adopt the expanded test, but rather adhered to the traditional test. Neal v. McGill Septic Tank Company
(1996), 116 Ohio App.3d 272, 273.
Analyzing the instant case under the traditional continuation test, I would conclude that the court did not err in granting summary judgment. As discussed in the majority and dissenting opinions, the record does not establish continuity of shareholders, officers, or directors. Further, the companies had different offices, different sites for manufacturing, and a lack of total product similarity. I therefore would conclude that summary judgment was appropriate in the instant case, and affirm.