**People of the State of Illinois, Plaintiff-Appellee, v. Harold Binion, Defendant-Appellant.**

**Gen. No. 50,315.**

First District, First Division.

February 20, 1967.

Rehearing denied March 22, 1967.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Cornelius E. Toole and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and E. Roger Horsky, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Defendant was found guilty of armed robbery in a bench trial and sentenced to the State Penitentiary for a term of not less than two nor more than ten years. He appeals to this court contending that the State failed to prove him guilty of armed robbery beyond a reasonable doubt.

On August 16, 1964, DeAlvin Scruggs, the complainant and his wife were present at a restaurant with a group of friends. The defendant, wearing khaki pants and a straw hat, was at this restaurant at the same time. Mr. Scruggs, after changing a five-dollar bill, walked out of the restaurant, ten minutes after his arrival, to purchase a sausage from a stand just outside the side door. There were three men outside, one of whom was the defendant who stood in front of Scruggs. The other two were standing two or three feet away. A voice "Hey you" came from in front of Scruggs and he was then beaten unconscious. When he woke up his pants were torn, wallet with $15 gone, and a white cap he wore was missing.

On September 5, 1964, Montgomery Jackson, a City of Chicago policeman assigned as detective, arrested defendant who was wearing a white cap at the same restaurant at around 10:30 p. m. At a showup, Mr. and Mrs. Scruggs identified the defendant who at the time wore a red shirt and Mr. Scruggs' white cap. The defendant was indicted on September 16, 1964. He was charged with committing the offense of robbery "in that he, by

the use of force and while armed with a dangerous weapon, took fifteen dollars in United States currency and a cap from the person and presence of DeAlvin Scruggs, in violation of chapter 38, section 18–2 of Illinois Revised Statutes 1963, contrary to the Statute, and against the peace and dignity of the people of the State of Illinois."

Chapter 38, section 18–2 provides:

> "(a)   A person commits armed robbery when he violates Section 18–1 while armed with a dangerous weapon."

Section 18–1 provides:

> "(a)   A person commits robbery when he takes property from the person or presence of another by the use of force or by threatening the imminent use of force."

[1]   A careful examination of the record of this case fails to disclose any evidence of armed robbery. DeAlvin Scruggs was beaten. The defendant was identified at the showup. Nowhere in the testimony of Scruggs, his wife, or the arresting officer, is there any indication that defendant was in possession of any dangerous weapon at the time. No weapon was ever introduced into evidence to support the charge in the indictment. "The burden is on the prosecution in a criminal case to establish beyond a reasonable doubt not only a defendant's guilt, but also the essential elements of the crime." People v. Sanford, 24 Ill2d 365, 181 NE2d 118 (1962).

■   It is reversible error for the trial court to find the defendant guilty of a crime the State failed to prove.

For the reasons stated, the judgment of the Circuit Court of Cook County, Criminal Division, is reversed.

Judgment reversed.

MURPHY, P. J. and BURMAN, J., concur.