THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSE GARCIA, Defendant-Appellant.

Second District   No. 2—90—0693

Opinion filed May 29, 1992.

G. Joseph Weller and Sherry R. Silvern, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Lawrence D. O'Gara, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

After a bench trial, the defendant, Jose Garcia, was convicted of armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2(a)) and sentenced to six years' incarceration. On appeal, he argues that the conviction must be reduced to simple robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—1(a)) and the cause remanded for resentencing because the evidence failed to prove beyond a reasonable doubt that he was armed with a dangerous weapon at the time he committed the offense. We disagree and affirm.

On the evening of February 1, 1990, defendant robbed Mr. A's Liquor Store in Carol Stream. At trial, Bethany Jessop testified that at about 9 p.m. that evening she was working alone at the store. She took a final reading on the cash register, placed about $1,000 into a deposit bag, and left some money in the register drawer. As she walked to the store's backroom with the bag, she heard the front door open. She walked back toward the counter and encountered the defendant. The defendant produced a gun from his jacket and told Jessop to give him the bag. Jessop testified that the gun was small, black and hand-held and that "[i]t looked real" to her. She could not say whether the gun was a revolver. Jessop gave the defendant the bag.

The defendant tucked the gun into his jacket pocket and ordered Jessop to walk toward a beer cooler in the back of the store. At this point, a woman entered the store. The defendant told Jessop not to say anything or he would shoot her. With her back to the defendant, Jessop walked toward the counter. Jessop spoke briefly to the woman, who then left. Jessop walked back to the cooler. Defendant took two six-packs of beer and left the store through the back door. After the defendant left, Jessop called the police and store owner Donald Antonacci.

Carol Stream police officer Hunter Gilmore testified that at about 9:24 p.m. on February 1, 1990, he and two other officers were dispatched to the area of the store. After receiving a description of the suspect, Gilmore drove to an apartment complex two or three blocks from the store. About 15 or 20 minutes after receiving the dispatch, he saw the defendant walking through the front yard of 623 Gundersen.

Gilmore got out of his car and observed that the defendant was concealing something under his coat. When Gilmore asked him what he was concealing, the defendant, with Gilmore's assistance, pulled out the store's deposit bag. Inside the deposit bag were $830 in cash and various store receipts. No firearm was found on the defendant or in the immediate area of the arrest nor was the weapon ever recovered.

The defendant concedes that he was properly found guilty of robbery. He argues, however, that the State did not prove beyond a reasonable doubt that, during the robbery, he carried on or about his person or was otherwise armed with a dangerous weapon (Ill. Rev. Stat. 1989, ch. 38, pars. 18—1(a), 18—2(a)). The defendant argues that Jessop's testimony about the gun was limited to the statement that the gun was "small and black." The defendant also argues that her testimony was uncorroborated in that no gun was ever found or introduced into evidence. From this, the defendant argues that the evidence was insufficient to prove that he was armed with a dangerous weapon while he robbed the store. We disagree.

The issue for this court is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime were proved beyond a reasonable doubt. (*People v. Young* (1989), 128 Ill. 2d 1, 48.) We will not substitute our judgment for that of the fact finder on matters of witness credibility unless the evidence itself is so implausible, improbable or unsatisfactory as to raise a reasonable doubt of the defendant's guilt. *People v. Slim* (1989), 127 Ill. 2d 302, 307.

■ Whether a defendant is armed with a dangerous weapon is ordinarily a question for the fact finder unless the character of the weapon is such as to admit of only one conclusion. (*People v. Skelton* (1980), 83 Ill. 2d 58, 66; *People v. Meadows* (1981), 92 Ill. App. 3d 1028, 1031.) A gun may be a dangerous weapon even if it is unloaded (*People v. Hill* (1977), 47 Ill. App. 3d 976) or incapable of firing (*People v. De La Fuente* (1981), 92 Ill. App. 3d 525, 535-36).

■ Here Bethany Jessop testified unequivocally and without impeachment that the defendant was carrying a gun during the robbery. She saw the gun twice in the open from close range, and it "looked real" to her. The photographs in evidence enabled the trial judge to conclude that the lighting conditions were favorable for such an identification.

The witness was not required to describe the gun to any particular degree of detail or precision. In *People v. Thomas* (1989), 189 Ill. App. 3d 365, 371, the court upheld a conviction of armed robbery

based on the uncontradicted testimony of one eyewitness that the defendant was holding a gun in his hand. In *People v. Meadows* (1981), 92 Ill. App. 3d 1028, the court held that eyewitness testimony that the defendant carried an object that resembled "a shotgun or something" was sufficient for the fact finder to infer that the defendant was armed with a dangerous weapon. In *People v. Moore* (1973), 14 Ill. App. 3d 361, 363, the eyewitness was not sure whether the object she saw in the defendant's hand was a gun or a knife. The appellate court upheld the defendant's conviction of armed robbery, reasoning that either way the fact finder could infer that the defendant used a dangerous weapon.

Jessop concluded, based on her ample opportunity to observe, that the defendant had a gun and that the gun looked real. This was enough to enable the fact finder to conclude that the defendant was carrying a dangerous weapon. The defendant's repeated threats to shoot Jessop were also circumstantial evidence that he was armed with a dangerous weapon. (*Meadows*, 92 Ill. App. 3d at 1030-31.) As the trial court credited Jessop's testimony, it was entitled to find defendant guilty beyond a reasonable doubt of armed robbery.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NICKELS and WOODWARD, JJ., concur.