FOURTH DIVISION
August 30, 2007

No. 1-04-2258

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from the
) Circuit Court of
        Plaintiff-Appellee, ) Cook County.
)
v. )
)
TERRIN LEE, ) Honorable
) Kenneth J. Wadas,
        Defendant-Appellant. ) Judge Presiding.

<u>MODIFIED UPON REHEARING</u>

PRESIDING JUSTICE QUINN delivered the opinion of the court:

Following a bench trial in the circuit court of Cook County, defendant Terrin Lee was convicted of one count of armed robbery and three counts of aggravated unlawful restraint. He was then sentenced to concurrent prison terms of 19 years for armed robbery and 10 years for each conviction of aggravated unlawful restraint. On appeal, defendant contends that the State failed to prove him guilty of armed robbery beyond a reasonable doubt and that his convictions for aggravated unlawful restraint must be vacated under the one-act, one-crime doctrine. In a supplemental brief, defendant contends that the armed robbery

1-04-2258

statute under which he was convicted is void because the penalty provision of that statute violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11), thereby rendering his armed robbery conviction void.

When we initially issued this decision, we affirmed the defendant's convictions for armed robbery and for two counts of aggravated unlawful restraint and we vacated the defendant's sentences and remanded the case to the circuit court. Based on our holding that the decision in People v. Sharpe, 216 Ill. 2d 481 (2005), rendered the defendant's nonenhanced sentences void, we ordered the circuit court to impose a sentence that included the 15-year enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18-2(a)(2)(b)(West 2000)). Defendant filed a petition for rehearing and this court ordered the State to file an answer and allowed the defendant to file a reply to the State's answer. After this court wrote and circulated an amended opinion that agreed with the reasoning of the petition for rehearing, but before the amended opinion was filed, our supreme court issued their opinion in People v. Hauschild, 226 Ill. 2d 63 (2007). This opinion applies the holding in Hauschild, but in doing so, we raise some concerns regarding some of the aspects of that case. We now withdraw our prior opinion and vacate our order remanding this case to the circuit court for purposes of

- 2 -

resentencing the defendant.


BACKGROUND

Defendant was charged with the armed robbery of Duncan Ellington and the aggravated unlawful restraint of Duncan, his wife Claudina and their 11-year-old son Christopher. The incident occurred in the 2000 block of West 79th Street in Chicago on September 1, 2001. At trial, Duncan testified that about 12:45 on the morning in question, he entered a liquor store in that area with Claudina and Christopher to purchase some items and to withdraw money from a cash machine. They left the store with their purchases and walked northbound across 79th Street. As they approached the median, Duncan heard his wife scream, then saw her take a step back. Duncan stopped when he heard someone behind him say, "[G]ive me all your money." Without turning around, he gave $10 to this person, who then demanded the rest of his money. Duncan then turned and saw his assailant, whom he identified as defendant.

Duncan also testified that defendant was carrying a chrome or silver-colored weapon at his side, which looked like a gun. After taking the rest of Duncan's money, defendant crossed the street, entered a waiting vehicle and drove away. Duncan notified police of the incident and subsequently identified

defendant in a lineup at the police station. On cross-examination, Duncan acknowledged that he did not know if the chrome weapon in defendant's hand was a gun and that he never saw defendant point anything at himself or anyone else.

Claudina Ellington testified that she was using drugs during most of 2001 and that she had since gone through rehabilitation. She further testified that as she and her family were crossing 79th Street after leaving the liquor store, she heard someone behind her say, "[G]ive me your money motherfucker. I'm going to shoot you." She turned around and screamed when she saw defendant pointing a 9-millimeter, chrome-plated gun at her husband. Claudina stated that her vision was not impaired in any way during this incident.

On cross-examination, Claudina acknowledged that she free-based cocaine in the past and that she had purchased narcotics on the night in question. She denied ever meeting defendant or purchasing narcotics from him.

Christopher Ellington testified that he and his parents were crossing the street when defendant approached his dad and said, "[G]ive me your money." Christopher also testified that the man was carrying "a gun, I think," that was silver in color. Christopher ran back across the street to the sidewalk and saw defendant take his father's money and flee in a waiting car.

1-04-2258

Detective Jenny Christoforakis testified that in the early morning hours of September 1, 2001, she was called to 75th and Honore Streets, where a car had been stopped and police had defendant in custody. She also testified that no weapon was found in this vehicle. The detective noted in her supplemental police report that Claudina heard defendant say, "I am going to shoot you in the back if you don't give me that money."

The parties stipulated that, if called to testify, Officer Demato would testify that on the date in question, he stopped the vehicle in which defendant was riding and that no handgun was found on defendant's person or inside that vehicle.

The State rested, and the defense recalled Claudina. She testified that she did not know an individual named Timothy Collins, but knew a Tim who had an eye impairment. She denied ever commenting to Tim or anyone else that she did not believe defendant had a gun in his possession during the robbery. On cross-examination, Claudina testified that she spoke to Tim prior to trial, that he identified himself as defendant's brother-in-law, and that he offered her $100 not to testify against defendant.

Adrian Anderson testified that he accompanied defendant to the liquor store on the day in question. Anderson stated that defendant always carried the faceplate of his radio with him,

- 5 -

that defendant had this plate in his hands during the incident, and that he never pointed it at anyone.

Timothy Collins testified that he had gotten "high" in the same room as Claudina on past occasions. He also testified that he spoke to Claudina twice prior to defendant's trial and that she told him that she did not actually see defendant with a gun. Collins also testified that defendant had told him that the only thing he had in his hands during the incident was the faceplate to his radio. Collins denied offering Claudina money not to testify at defendant's trial.

The trial court found defendant guilty of one count of armed robbery and three counts of aggravated unlawful restraint. In doing so, the court specifically found that both Claudina and Christopher credibly testified that defendant was carrying a gun in his hand. The court sentenced defendant to concurrent prison terms of 19 years for armed robbery and 10 years for each count of aggravated unlawful restraint. Defendant now appeals.

## ANALYSIS
### Sufficiency of the Evidence

On appeal, defendant first challenges the sufficiency of the evidence to convict him of armed robbery. When a court reviews a challenge to the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in a light most

favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. People v. Cunningham, 212 Ill. 2d 274, 278 (2004). A criminal conviction will not be set aside on appeal unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt as to the defendant's guilt. People v. Cox, 195 Ill. 2d 378, 387 (2001). We do not find this to be such a case.

In order for defendant's conviction for armed robbery to be sustained, the State was required to prove that defendant committed robbery (720 ILCS 5/18-1 (West 2000)) while carrying a firearm (720 ILCS 5/18-2(a)(2) (West 2000)). Defendant does not dispute the sufficiency of the evidence to establish the elements of robbery, but contends that the State failed to prove beyond a reasonable doubt that he committed the robbery while carrying a firearm.

In this case, Claudina unequivocally testified that defendant was holding a chrome-plated, 9-millimeter handgun while he robbed her husband. The trial court found Claudina to be a credible witness, and her testimony alone was sufficient to establish that defendant was armed during the robbery. People v. Thomas, 189 Ill. App. 3d 365, 371 (1989). In addition, Claudina's version of events was corroborated by Duncan and Christopher, who testified that defendant was carrying a silver

1-04-2258

object in his hand. Finally, defendant's threat to shoot Duncan was circumstantial evidence that he was carrying a firearm during the robbery. See People v. Garcia, 229 Ill. App. 3d 436, 439 (1992) (defendant's repeated threats to shoot the victim were circumstantial evidence that he was armed with a dangerous weapon). We thus conclude that this evidence, considered in the light most favorable to the State, was sufficient to find defendant guilty of armed robbery beyond a reasonable doubt. People v. Coleman, 345 Ill. App. 3d 1029, 1032 (2004).

Nonetheless, defendant argues that Claudina's testimony was incredible and unconvincing and therefore insufficient to support his conviction for armed robbery. In support of his assertion, defendant cites Claudina's admitted prior drug use, Collins' testimony that Claudina told him that she did not actually see a gun, and Anderson's testimony that defendant was carrying the faceplate to his radio. We note, however, that it was the responsibility of the trial court to assess the credibility of the witnesses and to resolve conflicts in their testimony. People v. Ortiz, 196 Ill. 2d 236, 259 (2001). Here, the trial court was aware of Claudina's drug use, but chose to believe her version of events over that of defendant's alibi witness, and specifically found her to be credible. We will not substitute our judgment for that of the trier of fact in these matters

(Ortiz, 196 Ill. 2d at 259), and we find that defendant's attack on the credibility of this witness does not raise a reasonable doubt of his guilt (People v. Hall, 114 Ill. 2d 376, 410 (1986); People v. Berland, 74 Ill. 2d 286, 307 (1978)).

Defendant further argues that the evidence was insufficient to prove him guilty beyond a reasonable doubt because the victim, Duncan, did not know if defendant had a gun and he was unable to give a description of the object in defendant's hand except for its color. We disagree. A conviction for armed robbery may be sustained " 'even though the weapon itself was neither seen nor accurately described by the victim.' " Coleman, 345 Ill. App. 3d at 1033, quoting People v. Elam, 50 Ill. 2d 214, 220 (1972).

Finally, defendant argues that there is insufficient circumstantial evidence that he was armed with a firearm because all three Ellingtons testified inconsistently as to the exact threat that he made to Duncan. We have already found there was sufficient direct evidence to support defendant's armed robbery conviction, and further note that the three members of the Ellington family testified consistently that defendant demanded Duncan's money, and Claudina testified that defendant threatened to shoot her husband. The trier of fact is not required to disregard the inferences that flow from the evidence in order to find guilt beyond a reasonable doubt (Hall, 114 Ill. 2d at 409),

and in this case, we find that the circumstances described by the witnesses support the inference that defendant was armed with a gun (Coleman, 345 Ill. App. 3d at 1033). Moreover, we find that the alleged inconsistencies were minor in nature and fully explored at trial, and that they do not create a reasonable doubt of defendant's guilt. People v. Crespo, 118 Ill. App. 3d 815, 819 (1983).

In reaching this conclusion, we find People v. Fiala, 85 Ill. App. 3d 397 (1980), cited by defendant, distinguishable from the case at bar. In Fiala, the State's case was based entirely on circumstantial evidence, and none of the eyewitnesses to the robbery actually saw a gun in defendant's possession. Fiala, 85 Ill. App. 3d at 400-01. Here, on the other hand, there was direct evidence in the form of Claudina's positive and credible eyewitness testimony that defendant was carrying a firearm and threatened to shoot Duncan. Therefore, Fiala provides no basis for reversal.

One act, One crime

Defendant next contends that his convictions for aggravated unlawful restraint must be vacated because they violate the one-act, one-crime doctrine. Initially, we note that defendant

1-04-2258

waived this issue by failing to raise it at trial or in a posttrial motion (People v. Enoch, 122 Ill. 2d 176, 186 (1988)); however, we may review this claim under the plain error doctrine (People v. Carter, 213 Ill. 2d 295, 299-300 (2004)).

Defendant first argues that his conviction for the aggravated unlawful restraint of Duncan must be vacated because that offense was carved out of the same physical act that formed the basis of his armed robbery conviction. The State concedes that this conviction should be vacated under the one-act, one-crime principle announced in People v. King, 66 Ill. 2d 551, 566 (1977). We agree and thus vacate defendant's conviction for the aggravated unlawful restraint of Duncan (count II).

Based on our conclusion that defendant was improperly convicted of the aggravated unlawful restraint of Duncan, defendant further argues that his case should be remanded for resentencing because it is impossible to determine from the record whether the trial court would have imposed the same sentences had it entered fewer judgments of conviction. Where, as here, there is no indication in the record that the vacated conviction had any bearing on the remaining sentences, a remand for resentencing is not necessary. People v. Moreland, 292 Ill. App. 3d 616, 622 (1997).

Defendant also argues that his convictions for the

aggravated unlawful restraint of Claudina and Christopher must be vacated because they are based on the same physical act as his armed robbery conviction, i.e., his detention of the Ellingtons in order to obtain money from Duncan. In making this argument, defendant again relies on King for the proposition that multiple convictions are improper if they are based on precisely the same physical act. King, 66 Ill. 2d at 566.

Although we agree with the cited principle, we find the case at bar more akin to People v. Shum, 117 Ill. 2d 317, 363 (1987), where the supreme court distinguished its holding in King and found that separate convictions based on one act are proper when there are multiple victims of that act. In this case, there were multiple victims of defendant's conduct, as the effect of his threat was not confined to Duncan but, rather, extended to Claudina and Christopher. Therefore, pursuant to Shum, we find that defendant's convictions for the aggravated unlawful restraint of Claudina and Christopher were proper. Shum, 117 Ill. 2d at 363.

Defendant responds, however, that he only intended to rob Duncan and that any restraint of Claudina and Christopher was incidental to that robbery. This argument was rejected in King, where the court abandoned the "independent motivation" test, which focused on defendant's overall criminal objective at the

1-04-2258

time the acts were committed.  <u>King</u>, 66 Ill. 2d at 566.

Alternatively, defendant asserts that his conviction for the aggravated unlawful restraint of Christopher must be reversed because the State failed to prove that Christopher was restrained, based on his testimony that he ran back across the street when defendant approached his family.

Aggravated unlawful restraint is committed when a person "knowingly without legal authority detains another while using a deadly weapon."  720 ILCS 5/10-3.1 (West 2000).  Actual or physical force is not an element of the offense, so long as the individual's freedom of movement is impaired.  <u>People v. Bowen</u>, 241 Ill. App. 3d 608, 628 (1993).  Here, Christopher and his parents were stopped in the middle of the street by defendant, who demanded his father's money at gunpoint.  Christopher was thus restrained by defendant's actions with his parents, then ran back to the sidewalk and watched and waited for them.  The totality of these circumstances and reasonable inferences therefrom were sufficient to find defendant guilty of the aggravated unlawful restraint of Christopher.  <u>Bowen</u>, 241 Ill. App. 3d at 627-28.


Proportionate Penalties Clause

In a supplemental brief, defendant contends that the penalty

- 13 -

provision of the armed robbery statute under which he was convicted is void because it violates the proportionate penalties clause of the Illinois Constitution. Ill. Const. 1970, art. I, §11. He further argues that the substantive armed robbery statute is inextricably linked to the unconstitutional penalty provision, thereby rendering that statute and his armed robbery conviction void as well. Defendant's argument is based on People v. Moss, 206 Ill. 2d 503, 531 (2003), and People v. Walden, 199 Ill. 2d 392, 397 (2002), where the court used cross-comparison analysis and declared, inter alia, that the 15-year sentencing enhancement for armed robbery while in possession of a firearm (720 ILCS 5/18-2(a)(2), (b) (West 2000)), and the 20-year enhancement for armed robbery when the offender discharges a firearm (720 ILCS 5/18-2(a)(3), (b) (West 2000)), violated the proportionate penalties clause and were unenforceable.

After defendant filed his supplemental brief, our supreme court issued its decision in People v. Sharpe, 216 Ill. 2d 481 (2005), which overruled Moss and Walden and held that a defendant could no longer use the cross-comparison analysis to challenge a penalty under the proportionate penalties clause. Sharpe, 216 Ill. 2d at 533. In reaching this conclusion, the court stated:

> "After much reflection, we have concluded
> that cross-comparison analysis has proved to

- 14 -

be nothing but problematic and unworkable, and that it needs to be abandoned. Those cases that used such an analysis to invalidate a penalty are overruled, and this court will no longer use the proportionate penalties clause to judge a penalty in relation to the penalty for an offense with different elements." Sharpe, 216 Ill. 2d at 519.

The State responded that, pursuant to Sharpe, the firearm enhancements were revived and constitutional and defendant's argument is without merit. Based on that conclusion, the State maintained that the statutory 15-year sentence enhancement for armed robbery with a firearm (720 ILCS 5/18-2(a)(2), (b) (West 2000)) applied to defendant. The State then requested this court to impose the enhancement or remand the case for resentencing with the direction that it be imposed because the current sentence does not conform to the statutory requirement and is therefore void. People v. Arna, 168 Ill. 2d 107, 113 (1995).

Defendant responded that Sharpe does not apply retroactively and that its applicability to this case was limited to precluding him from using cross-comparison analysis to challenge his sentence under the proportionate penalties clause. Defendant

1-04-2258

also argued that the State has no right to raise sentencing issues on appeal unless the sentence is void, and he claimed that his sentence is not void because the trial court had jurisdiction in this case and sentenced him within the appropriate range consistent with Walden.

When this court initially issued this opinion, we agreed with the State's argument. We held that the holding in Sharpe should be applied retroactively and we remanded this matter to the trial court to resentence the defendant on his armed robbery conviction. This sentence was to include the 15-year enhancement for armed robbery with a firearm (720 ILCS 5/18-2(a)(2),(b)(West 2000)). In doing so, we relied upon the reasoning of the Fourth District in People v. James, 362 Ill. App. 3d 1202 (2006), appeal denied, 219 Ill. 2d 580 (2006), and upon our supreme court's holding in People v. Guevara, 216 Ill. 2d 533 (2005). Defendant filed a petition for rehearing and this court ordered the State to file an answer and allowed defendant to file a reply to the State's answer.

Since initially issuing this opinion, the First District has twice addressed the issue of the retroactive application of Sharpe. In People v. Harvey, 366 Ill. App. 3d 119 (2006), appeal allowed, 221 Ill. 2d 654 (2006), the third division followed our holding in this case. There, in 2000, the defendant had

- 16 -

committed an armed robbery while armed with a firearm. Prior to the defendant's trial, our supreme court issued its decision in People v. Walden, 199 Ill. 2d 392 (2002), wherein the court determined that pursuant to the cross-comparison test, the statutory 15-year mandatory enhancement for armed robbery violated the proportionate penalties clause. People v. Walden, 199 Ill. 2d at 397. Consequently, when the trial court sentenced Harvey in 2004, the court lacked the authority to impose the 15-year enhancement to Harvey's Class X sentence for armed robbery while armed with a firearm. The trial court sentenced Harvey to 18 years in prison. When the defendant appealed his convictions and sentence, the State argued that this sentence was void as Sharpe had overruled Walden and defendant's 18-year sentence was void as the mandated minimum sentence was 21 years (15-year enhancement added to the minimum 6-year sentence for armed robbery).

The Harvey court first pointed out: "It has long been established that judicial opinions announcing new constitutional rules applicable to criminal cases are retroactive to those cases pending on direct review at the time the new rule is announced. People v. Martinez, 348 Ill. App. 3d 521, 533 (2004), citing People v. Ford, 198 Ill. 2d 68, 73 (2001), citing Griffith v. Kentucky, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987)."

1-04-2258

People v. Harvey, 366 Ill. App. 3d at 132. Citing our opinion in this case and our supreme court's holding in People v. Guevara, 216 Ill. 2d 533 (2005), the Harvey court agreed with the State that Sharpe should be applied retroactively to defendant. However, the court went on to find that the 15-year add-on to defendant's sentence for armed robbery with a firearm violated the proportionate penalties clause as it was more severe than the penalty for an offense with identical elements, armed violence with a firearm. People v. Harvey, 366 Ill. App. 3d at 134.

In People v. Douglas, 371 Ill. App. 3d 21 (2007), the second division of the First District also considered whether Sharpe should be applied retroactively. In Douglas, the defendant was convicted of two counts of attempted first-degree murder of a peace officer. At the sentencing hearing in 2004, the State informed the trial court that the enhancement provisions for attempted murder with a firearm (720 ILCS 5/8-4(c)(1)(B),(C)(1) (C), (C)(1)(D)(West 2004)) did not apply. The trial court then sentenced defendant to 35 years in prison. People v. Douglas, 371 Ill. App. 3d at 23.

Neither the defendant nor the State appealed the court's sentence. In its appellee brief, the State contended that the defendant's sentence was void because it did not include the mandatory 20-year enhancement. The Douglas court considered the

holding in Sharpe, which had been decided after Douglas's sentencing, during the pendency of his appeal. The court reviewed the supreme court's holdings in People v. Guevara and in In re M.T., 221 Ill. 2d 517 (2006), which addressed the holding in Sharpe. People v. Douglas, 371 Ill. App. 3d at 24-25. The Douglas court held that the defendant's sentences were not void as they "were valid when imposed and they remain valid. The trial judge had the power and authority to impose them without concern for the statutory enhancement." People v. Douglas, 371 Ill. App. 3d at 25. The Douglas court also rejected the State's argument regarding resentencing because the defendant's conviction was for attempted first-degree murder of a peace officer (720 ILCS 5/8-4(c)(1)(A)(West 2000)), which did not carry with it an enhanced sentence. People v. Douglas, 371 Ill. App. 3d at 26.

The supreme court has applied its holding in Sharpe several times since issuing it. People v. Guevara, 216 Ill. 2d 533, was issued contemporaneously with Sharpe. It applied the holding in Sharpe in rejecting the defendant's argument on direct appeal that the sentence for home invasion while in possession of a firearm (720 ILCS 5/12-11(a)(3)(West 2002)) is unconstitutionally disproportionate to the sentence for aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1), (b)(West 2000)). People v.

1-04-2258

Guevara, 216 Ill. 2d at 544-45.

In In re M.T., 221 Ill. 2d 517 (2006), the supreme court reversed the appellate court's holding that the indecent-solicitation-of-an-adult statute (720 ILCS 5/11-6.5 (West 2000)) violated the proportionate penalties clause. In doing so, the appellate court had applied a cross-comparison analysis. In reversing, the supreme court noted that the appellate court's decision was issued before Sharpe was decided. In re M.T., 221 Ill. 2d at 527.

In People v. McCarty, 223 Ill. 2d 109 (2006), the court considered the defendant's argument that the 15-year mandatory minimum sentence for manufacturing methamphetamine (720 ILCS 570/401(a)6.5(D)(West 2002)) was violative of the proportionate penalties clause. The court, explained "a defendant may no longer premise a proportionate penalties challenge on the comparison of similar offenses with different elements. Sharpe, 216 Ill. 2d at 521. A defendant may, however, still argue that a penalty for a particular offense violates the 'cruel or degrading' standard or is harsher than the penalty for an offense with identical elements. Sharpe, 216 Ill. 2d at 521." People v. McCarty, 223 Ill. 2d at 136-37. The court ultimately rejected the defendant's argument that the 15-year mandatory minimum sentence violated the "cruel and degrading" standard. People v.

1-04-2258

McCarty, 223 Ill. 2d at 137.

As previously mentioned, after we wrote and circulated an amended opinion that agreed with the defendant's petition for rehearing, but before that amended opinion could be filed, our supreme court issued its opinion in People v. Hauschild, 226 Ill. 2d 63 (2007).

In People v. Hauschild, 364 Ill. App. 3d 202, 205 (2006), appeal allowed, 221 Ill. 2d 654 (2006), a jury convicted the defendant of attempted first-degree murder, home invasion and armed robbery. The trial court sentenced the defendant to consecutive prison terms of 35 years for home invasion, 18 years for attempted first-degree murder and 12 years for armed robbery. Relying on the holdings in Walden and People v. Morgan, 203 Ill. 2d 470 (2003), the trial court determined that the penalty enhancements for armed robbery and attempted first-degree murder violated the proportionate penalties clause. Upon appeal, the Second District also applied the cross-comparison test pursuant to the holdings in Walden and Moss and vacated the defendant's convictions and sentences on the armed robbery and home invasion counts.

The State filed a petition for rehearing based on the holding in Sharpe, which was decided the day after the appellate court first decided Hauschild. The court granted the petition

for rehearing.  In their subsequently issued opinion, the court pointed out "[d]efendant does not dispute that the result of the Sharpe ruling is to render void his sentences for armed robbery and attempted first-degree murder."  People v. Hauschild, 364 Ill. App. 3d at 223.  The appellate court vacated the defendant's sentences for armed robbery and attempted first-degree murder and remanded the cause to the trial court to resentence the defendant in compliance with the enhanced sentencing provisions (720 ILCS 5/8-4(c)(West 2000); 730 ILCS 5/5-8-1(a)(3)(West 2000)).  People v. Hauschild, 364 Ill. App. 3d at 229.

On appeal to the supreme court, the defendant raised the issue of "whether his existing sentences for armed robbery and attempted murder were authorized by the law in effect at the time of sentencing such that those sentences are not void and no new sentencing hearing is required."  People v. Hauschild, 226 Ill. 2d at 71.  In considering this issue, the supreme court first rejected the State's argument that the defendant had forfeited his right to make this issue due to his failure to raise it in the appellate court.  People v. Hauschild, 226 Ill. 2d at 72.

Citing their holding in Sharpe and the holding in People v. Harvey, 366 Ill. App. 3d 119, 131 (2006), the court explained: "Sharpe effectively 'revived' the constitutionality of the 15-year add on penalty for armed robbery while armed with a firearm

and attempted murder with a firearm." People v. Hauschild, 226 Ill. 2d at 76. The defendant had argued that applying Sharpe retroactively to vacate nonenhanced sentences that were valid under the prior case law would violate due process by making the law less favorable to him than it previously was and by denying him his right to notice and fair warning.

In rejecting this argument, the court pointed out:

"It is well established that judicial opinions announcing new constitutional rules applicable to criminal cases are retroactive to those cases pending on direct review at the time the new rule is announced. People v. Ford, 198 Ill. 2d 68, 72-73 (2001); People v. Erickson, 117 Ill. 2d 271, 288 (1987), citing Griffith v. Kentucky, 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708 (1987); Harvey, 366 Ill. App. 3d at 132. As the Supreme Court noted in Griffith, the failure to apply a new constitutional rule to criminal cases pending on direct review, even when that rule is a ' "clear break" [from] the past,' violates the basic norms of constitutional adjudication. Griffith, 479 U.S. at 322, 328, 93 L. Ed. 2d at 658, 661, 107 S. Ct. at 713, 716. Under this reasoning, we find that the rule announced in Sharpe is of constitutional

dimension (see <u>People v. Gersch</u>, 135 Ill. 2d 384, 393-95 (1990)(distinguishing a new rule of law that is statutory in origin from one that is constitutionally based)) and, therefore applicable to defendant's case. See <u>Harvey</u>, 336 Ill. App. at 132." <u>People v. Hauschild</u>, 226 Ill. 2d at 77-78.

The court went on to explain its rejection of the defense arguments that <u>Sharpe</u> could not be applied retroactively to his case because it made the law less favorable to him than it was at the time of his sentencing. The court also rejected the argument that the defendant's due process rights to notice and fair warning barred applications of the 15-year enhancement.

The court continued:

"Having now determined that <u>Sharpe</u>'s holding pertains to defendant's case, we must answer the remaining question, <i>i.e.</i>, whether <u>Sharpe</u> renders defendant's existing nonenhanced sentences void. A sentence is void if it fails to conform to statutory requirements. <u>People v. Arna</u>, 168 Ill. 2d 107, 113 (1995). Here, although at the time of defendant's sentencing <u>Walden</u> and <u>Morgan</u> had rendered the 15-year enhanced penalties for his armed robbery and attempted murder convictions unconstitutional, we

find that the overruling of those cases during the
pendency of defendant's appeal has made the
nonenhanced sentences imposed by the trial court
statutorily nonconforming and thus void.  See 364
Ill. App. 3d at 223; see also People v. Garcia, 179
Ill. 2d 55, 73 (1997)(trial court's imposition of
concurrent sentences in certain instances where
consecutive sentences were mandated rendered
defendants' sentences void).  Thus, contrary to
defendant's contention in this court, but in accord
with his argument adopted by the appellate court, we
believe the proper remedy in this instance is to
remand the cause to the trial court for a new
sentencing hearing.  364 Ill. App. 3d at 223-24,
citing Arna, 168 Ill. 2d at 112-13."  People v.
Hauschild, 226 Ill. 2d at 80-81.

In holding that Sharpe rendered the defendant's sentence
void, the Hauschild court cited People v. Arna, 168 Ill. 2d 107,
113 (1995).  Arna held: "A sentence which does not conform to a
statutory requirement is void. [Citations.]  Because the order
imposing concurrent terms was void, the appellate court had the
authority to correct it at any time [citation], and the actions
of the appellate court were not barred by our rules which limit

the State's right to appeal [Rule 604(a)(134 Ill. 2d R. 604(a))] and which prohibit the appellate court from increasing a defendant's sentence on review [Rule 615(b)(134 Ill. 2d R. 615(b))].  People v. Scott, (1977) 69 Ill. 2d 85; see also People v. Dixon, (1982) 91 Ill. 2d 346."  People v. Arna, 168 Ill. 2d at 113.

In Arna, the defendant was convicted of two counts of attempted first-degree murder.  The trial court sentenced the defendant to 30 years in prison on one count and to 45 years in prison on the second count, with the sentences to run concurrently.  The State did not ask for the sentences to be served consecutively either in the trial court or on appeal.  The appellate court affirmed the convictions but determined, *sua sponte*, that consecutive sentences were mandatory under section 5-8-4(a) of the Unified Code of Corrections (730 ILCS 5/5-8-4(a)(West 1992)). The supreme court ruled as above.

Our supreme court has followed Arna several times.  In People v. Garcia, 179 Ill. 2d 55, 73 (1997), also cited in Hauschild, the court held that the trial court's imposition of concurrent sentences in a gang rape case where consecutive sentences were mandated rendered the defendants' sentences void and remanded the cause to the trial court for resentencing.

The Hauschild court also cited People ex rel. Waller v.

1-04-2258

McKoski, 195 Ill. 2d 393, 402 (2001), where the court granted the State's original action for *mandamus*, holding that because the imposition of consecutive sentences was mandatory, the trial court's decision to sentence the defendant to concurrent sentences rendered the sentence void.

In City of Chicago v. Roman, 184 Ill. 2d 504 (1998), the court explained:

"[Supreme Court Rule 604(a)(1)] does not allow the
State to contest the propriety of a sentence imposed
on a criminal defendant. [Citations.]

        This case, however, involves a void judgment.
A void judgment is one entered by a court that lacks,
*inter alia*, the inherent power to make or enter the
particular order involved.  A void judgment may be
attacked at any time, either directly or collaterally."
City of Chicago v. Roman, 184 Ill. 2d at 509-10 (1998).

Each of the sentences imposed by the trial courts in Arna, Garcia, McKoski and Roman was in violation of the applicable statutes in effect at the time of sentencing.  Consequently, the trial courts had no authority to sentence the defendants in those cases in the manner in which they did.  In the instant case, the trial judge not only had the inherent power to sentence the defendant in the manner he did, the trial judge had no authority

- 27 -

to apply the 15-year enhancement provisions to defendant's sentence for armed robbery. This is because Moss and Walden were binding interpretations of the applicable statutes at the time of the defendant's sentencing. See People v. Atkins, 217 Ill. 2d 66, 71 (2005) (holding that the amended residential burglary statute could not be applied retroactively to support the defendant's burglary conviction where defendant was convicted and sentenced prior to the effective date of the amendment. At the time of trial, the trial judge had no authority to convict the defendant of burglary as a lesser-included offense of residential burglary because People v. Childress, 158 Ill. 2d 275 (1994), was a "binding interpretation of the statutes then in effect").

In People v. Davis, 156 Ill. 2d 149 (1993), the defendant appealed the circuit court's denial of his postconviction petition. In that appeal, the defendant argued that he had been improperly convicted of unlawful possession of cannabis as well as unlawful possession of cannabis with intent to deliver. The supreme court held that the conviction for the lesser included offense constituted a voidable judgment which was not subject to collateral attack, as opposed to a void judgment.

> "The term 'void' is so frequently employed interchangeably with the term 'voidable' as to have lost its primary significance. Therefore,

when the term 'void' is used in a judicial opinion it is necessary to resort to the context in which the term is used to determine precisely the term's meaning. Whether a judgment is void or voidable presents a question of jurisdiction. (Herb v. Pitcairn (1943), 384 Ill. 237, 241.) Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time. (5 Callaghan's Illinois Criminal Procedure §39.09 (1971)). By contrast, a voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack. See 5 Callaghan's Illinois Criminal Procedure §39.09 (1971).

* * *

Our constitution confers upon the circuit courts a general grant of authority to hear and decide all matters of controversy. Such jurisdiction is not defined by the propriety of the court's judgments. 'There are many rights belonging to litigants-rights which a court may

not properly deny, and yet which if denied do not oust the jurisdiction or render the proceedings absolutely null and void.' (Humphries v. District of Columbia (1899), 174 U.S. 190, 194, 43 L. Ed. 944, 945, 19 S. Ct. 637, 639.) Significantly, this court has held that the constitutional right to not be twice put in jeopardy for the same offense is a personal privilege which may be waived. People v. Scales (1960), 18 Ill. 2d 283, 285.

In this case, jurisdiction over the defendant, as well as over the subject matter, was proper. The court had authority to enter conviction and sentence on either of the charged offenses (see People v. Donaldson (1982), 91 Ill. 2d 164, 170; People v. King (1977), 66 Ill. 2d 551, 566), and judgment on both was, merely error. Nevertheless, the court's erroneous judgment was insufficient to effect divestiture of the court's jurisdiction.  The judgment was, therefore, voidable and is not subject to collateral attack. See People v. Stueve (1977), 66 Ill. 2d 174, 179 (where the subject matter and personal jurisdiction

proper, judgment on multiple convictions, though improper, not void)." People v. Davis, 156 Ill. 2d 155-58.

The legislature enacted Public Act 91-404 in 2000, amending various felony offenses, including armed robbery, by adding sentence enhancements when a firearm is involved in the commission of the offense. See Pub. Act 91-404, §5, eff. January 1, 2000. Here, defendant was indicted for an offense that he committed in 2001, and his trial and sentencing hearing were held in 2003, when Moss (decided June 19, 2003) and Walden (decided April 18, 2002) had invalidated the enhancement provisions. The decision in Sharpe, which overturned Moss and Walden, was issued on October 6, 2005, while defendant's case was pending on direct review. The decision in Hauschild was filed on June 7, 2007.

The issue of whether a sentence that was imposed pursuant to the holdings in Walden or Moss is void is not merely an exercise in semantics. Section 5-8-1(c) of the Unified Code of Corrections provides: "A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 30 days after the sentence is imposed. A defendant's challenge to the correctness of a sentence or to any aspect of the sentencing hearing shall be made by a written motion filed within 30 days following the imposition of sentence. However, the court may not

increase a sentence once it is imposed." (Emphasis added.) 730 ILCS 5/5-8-1(c)(West 2006).

Our supreme court considered section 5-8-1(c) in People v. Kilpatrick, 167 Ill. 2d 439 (1995):

"Under well-settled rules of statutory construction, section 5-8-1(c) is to be interpreted according to the plain meaning of its terms, in order to ascertain and give effect to the intent of the legislature, bearing in mind the reasons for the provision, the harms to be remedied, and the goals to be achieved. Faheeem-El v. Klincar (1988), 123 Ill. 2d 291, 298. Section 5-8-1(c) is consistent with the United States Supreme Court's decision in North Carolina v. Pearce (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072. In Pearce, the Court stated that due process may prohibit a judge from imposing a more severe sentence where the defendant has been convicted following a retrial. The Court reasoned that imposing a greater sentence after retrial could essentially penalize the defendant's right to challenge his conviction and sentence. The Court observed that '[d]ue process of law *** requires that

vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.' (Pearce, 395 U.S. at 725, 23 L. Ed. 2d at 669, 89 S. Ct. at 2080. The Court concluded that an increased sentence upon resentencing is proper where the defendant has engaged in additional conduct since the date of his original sentence that warrants an enhanced penalty. In addition, whenever a more severe sentence is imposed on resentencing, the 'reasons for *** doing so must affirmatively appear [on the record].' (Pearce, 395 U.S. at 726, 23 L. Ed. 2d at 670, 89 S. Ct. at 2081. The Pearce rule was recognized and applied by this court in People v. Baze (1969), 43 Ill. 2d 298, and People v. Rivera (1995), 166 Ill. 2d 279.

* * *

        *** By its express terms, section 5-8-1(c) forbids
        the increase in a sentence once it has been imposed."
        People v. Kilpatrick, 167 Ill. 2d at 443-46.

    Section 5-8-1(c) codifies Pearce's goal of eliminating the
risk that a defendant will be penalized for his efforts to seek
to obtain relief by pursuing his right to an appeal. 730 ILCS
5/5-8-1(c)(West 2006).  Section 5-8-1(c) extends the protection
of Pearce to defendants upon their being sentenced by the trial
court, rather than only when a defendant has been convicted
following a retrial.  As demonstrated by the holdings in Arna,
Garcia, McKoski and Roman, section 5-8-1(c) does not apply to
sentences that are void.  As Hauschild holds that sentences
imposed upon defendants pursuant to Moss and Walden are void,
those defendants are denied the protection of section 5-8-1(c).
Apparently, this issue was not raised before the supreme court
when Hauschild was being considered. While 5-8-1(c) does apply to
cases in which the circuit court originally imposed a nonenhanced
sentence, by its own language, section 5-8-1(c)'s proscription
against increasing a defendant's sentence has no applicability to
cases in which the circuit court originally imposed an enhanced
sentence that is subsequently affirmed or reinstated by a court
of review.

Applying well-settled principles of law regarding retroactivity, <u>Hauschild</u> requires that the holding in <u>Sharpe</u> must be applied to cases on direct review at the time <u>Sharpe</u> was decided (October 6, 2005). <u>People v. Hauschild</u>, 226 Ill. 2d at 78-79. Consequently, defendants cannot rely on the cross-comparison analysis to challenge their sentences under the proportionate penalties clause. Ill. Const. 1970, art. I, §11. Cases pending on direct review in which courts refused to impose or vacated sentences based on an application of the cross-comparison analysis should have that portion of their holdings vacated.

A problem arises as a result of <u>Hauschild</u>'s holding that nonenhanced sentences imposed pursuant to the cross-comparison analysis are void. Under previous holdings of our supreme court, void sentences may be attacked by the State, which may ask courts to "correct" them at any time. <u>People v. Arna</u>, 168 Ill. 2d at 113; <u>City of Chicago v. Roman</u>, 184 Ill. 2d at 510. The issue is further complicated by the fact that the <u>Hauschild</u> court also held that "judicial opinions announcing new constitutional rules applicable to criminal cases are retroactive to those cases pending on direct review at the time the new rule is announced." <u>People v. Hauschild</u>, 226 Ill. 2d at 77. This language would make <u>Sharpe</u> applicable only to those cases that were pending on direct

review at the time Sharpe was decided (October 6, 2005). Those defendants whose cases were either not appealed or whose appeals had been concluded at the time Sharpe was decided arguably would not be affected. See People v. De La Paz, 204 Ill. 2d 426, 429 (2003) ("Apprendi does not apply retroactively to causes in which the direct appeal process had concluded at the time that Apprendi was decided"). As the benefits of Apprendi were denied to those defendants whose direct appeals had concluded at the time that Apprendi was decided, it appears to make sense that the detrimental aspects of Sharpe should also not be applied "retroactively to cases in which the direct appeal process had concluded at the time that [Sharpe] was decided."

Limiting the holding in Sharpe to cases on direct appeal would allow courts of review to reject any cross-comparison analysis and affirm enhanced sentences where the trial court imposed them. Hauschild's holding that nonenhanced sentences which were imposed pursuant to Walden and Moss are void arguably subjects those defendants who never appealed, or whose appeals had been concluded at the time of the Sharpe decision, to the threat of having their nonenhanced sentences vacated and being subjected to enhanced sentences. In remanding the cause to the trial court for a new sentencing hearing, the supreme court said they were doing so "in accord with [Hauschild's] argument adopted by the

appellate court." People v. Hauschild, 226 Ill. 2d at 81. As previously mentioned, in the appellate court Hauschild "[did] not dispute that the result of the Sharpe ruling is to render void his sentences for armed robbery and attempted first-degree murder." People v. Hauschild, 364 Ill. App. 3d at 223. As Hauschild chose not to file a petition for rehearing before the supreme court, that court did not have an opportunity to consider the argument that sentences imposed pursuant to Walden and Moss are not void.

Our decision in the instant case relies upon the holding in Hauschild rather than the holding in Sharpe. In reviewing any sentence under the proportionate penalties clause, the reviewing court should consider whether the sentence violates the "cruel or degrading" standard or is harsher than the penalty for an offense with identical elements. People v. Hauschild, 226 Ill. 2d at 82-83; People v. McCarty, 223 Ill. 2d at 136-37. See also People v. Andrews, 364 Ill. App. 3d at 275; People v. Harvey, 366 Ill. App. 3d at 134.

The defendant in the instant case was convicted of armed robbery while carrying a firearm and sentenced to 19 years in prison for that offense. The defendant in Hauschild was similarly convicted of armed robbery. There, the supreme court held that the statutory elements of armed robbery while armed

1-04-2258

with a firearm are identical to the elements of armed violence predicated on robbery while armed with a dangerous weapon. People v. Hauschild, 226 Ill. 2d at 85. The court held that because the offenses are identical but their penalties are not, the "defendant's sentence for armed robbery while armed with a firearm [citation] violates the proportionate penalties clause because the penalty for that offense is more severe than the penalty for the identical offense of armed violence predicated on robbery with a category I or category II weapon." People v. Hauschild, 226 Ill. 2d at 86-87.

The court further held:

"[W]hen an amended sentencing statute has been found to violate the proportionate penalties clause, the proper remedy is to remand for resentencing in accordance with the statute as it existed prior to the amendment. See People v. Pizano, 347 Ill. App. 3d 128, 136 (2004)(proper remedy where a statutory amendment is found to have violated proportionate penalties clause is to remand the cause for a new sentencing hearing under the statute in effect before the adoption of the amendment); see also People v. Gersch, 135 Ill. 2d 384, 390 (1990)('The effect of enacting an unconstitutional amendment to a statute

- 38 -

is to leave the law in force as it was before the adoption of the amendment'). Thus, while the 12-year term originally imposed on defendant is a proper one, we remand, as earlier noted, in order to allow the trial court to reevaluate defendant's sentence in light of his cumulative sentence and to then resentence him within the range for armed robbery as it existed prior to being amended by Public Act 91-404, effective January 1, 2000. In light of this holding, we reject defendant's claim that his armed robbery while armed with a firearm conviction should be reduced to 'simple robbery.' " People v. Hauschild, 226 Ill. 2d at 88-89.

We follow Hauschild's holding and remand this matter to the trial court for resentencing.

### CONCLUSION

For the aforementioned reasons, we affirm defendant's convictions for armed robbery and for the aggravated unlawful restraint of Claudina and Christopher; we vacate his conviction for the aggravated unlawful restraint of Duncan; but we affirm his concurrent sentence of 10 years for the aggravated unlawful restraint convictions. We vacate defendant's sentence of 19 years for armed robbery and remand this matter to the trial court to again impose a sentence within the range for armed robbery as

1-04-2258

it existed prior to being amended by Public Act 91-404, effective January 1, 2000.

Affirmed in part and vacated in part.

GREIMAN and MURPHY, JJ., concur.

1-04-2258